John R Tenney, J.
Plaintiff, James Kimbrough, in Action No. 1 and Joseph F. Works in Action No. 2 were operating their vehicles when they were involved in accidents with vehicles of the respective defendants. Both plaintiffs were operating uninsured vehicles in violation of title 3 of article 6 of the Vehicle and Traffic Law and were guilty of misdemeanors under section 319. Plaintiff, Minnie Kimbrough, was a passenger in her husband’s vehicle.
Defendants have moved to dismiss these actions because plaintiffs do not qualify. Under article XVIII of the Insurance Law, they do not satisfy the definition of "serious injury”. (§ 671, subd 4.)
Section 673 of the Insurance Law states: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle * * * there shall be no right of recovery for non-economic loss, except in the case of a serious injury”.
A "covered person” is defined under subdivision 10 of section 671 as "any owner, operator or occupant of, a motor vehicle which has in effect the financial security required * * * or any other person entitled to first party benefits.”
None of the plaintiffs qualify as "covered, persons” and may not proceed against the defendants. Plaintiffs contend that if they are not eligible to proceed under article XVIII, they should be permitted to proceed on a theory of common-law negligence. Otherwise, they would be denied a remedy for the wrongful acts of the defendants.
Plaintiffs áre not "qualified persons” under section 601 of the Insurance Law. Thus, they have no remedy under article 17-A of the Insurance Law and are without a remedy. It was the intention of the Legislature to recompense innocent victims. (Insurance Law, § 600.)
*179 In construing "innocent victim” the article must be read in its entirety. An owner and spouse in an uninsured vehicle are treated in the same manner and are not "qualified persons”. Thus, the Legislature never intended either to benefit under the Motor Vehicle Accident Indemnification Corporation Law. There is no intent implied to classify, as an "innocent victim” a person who fails to comply with the requirements of the Financial Security Act (Vehicle and Traffic Law, art 6). In fact, the owner is guilty of a misdemeanor. (Vehicle and Traffic Law, § 319.) Thus, a "financially irresponsible motorist” and his spouse (Insurance Law, § 601), when riding in the uninsured vehicle, derive no statutory benefits.
The problem is much more complex. The Legislature appears to be saying that an uninsured motorist and his spouse may not have a cause of action even if they meet the threshold requirements. Section 673 authorizes actions by a "covered person against another covered person”. There is no reference to an action by an "uncovered person” against a covered person.
Thus, plaintiffs cannot be called "innocent victims” nor "covered persons”. They are not "qualified” for MVAIC benefits. There is no place for them.
It is difficult to believe that the Legislature intended the failure to insure to have such a severe impact. Nevertheless, there does not appear to be a reasonable alternative. To permit the uninsured plaintiff to proceed under a common-law negligence theory would be rewarding him for his criminal acts. This is certainly contrary to the public policy of New York. (Riggs v Palmer, 115 NY 506, 513.)
It is clear that plaintiffs have no causes of action in the above-entitled cases. They do not meet the threshold requirements, and they are not covered persons. Thus, the motions to dismiss are granted.