Alphonse L. Cassetti, J.
On January 8, 1975, a collision occurred between a vehicle owned and operated by plaintiff, Donald Gamble and one owned by defendant, Pauline Wilson, and operated by defendant, Cheryl Randolph.
Plaintiff alleges that as a result of the accident, he sustained personal injuries in the amount of $352 and is seeking damages against the defendants in the amount of $3,000.
The plaintiff, at the time of the accident, was operating his vehicle without insurance in violation of the Vehicle and Traffic Law of the State of New York. There is no dispute that the alleged injuries suffered do not constitute a "serious injury” as defined in section 671 of the Insurance Law. Therefore, if the plaintiff had been insured, he would not be able to maintain this action.
However, the plaintiff contends that he is not a "covered person” under section 673 of the New York State Insurance Law and therefore, retains all of his rights to sue under the common law. The question presented to the court therefore is whether or not a person who operates his vehicle in violation of law is in a more favored position than one who obeys the law?
Article XVIII of the Insurance Law was adopted by the State Legislature as a means of reducing the case load of the courts and to provide a fair and adequate way of recovery for *437 those injured in auto accidents. Certain classes of persons were excluded from the right to collect benefits on a "no-fault” basis. (Montgomery v Daniels, 38 NY2d 41.) Among those excluded are those who operate their vehicles without insurance. As noted by the Court of Appeals (p 62): "Similarly it was not unreasonable for the Legislature to have excluded persons operating uninsured vehicles from coverage under article 18. Such persons operate their vehicles in violation of the law of our State * * * and further make no contribution to the automobile injury compensation system designed to spread the risk of loss among all who drive”.
The plaintiff seeks, without having suffered a "serious injury” to place himself in a more favorable position than he would be if he had obeyed the law. The policy of this State prevents a person from pleading or proving his case in which he, as a basis of his claim, must set forth his illegal action. (McConnell v Commonwealth Pictures Corp., 7 NY2d 465.)
The motion to dismiss plaintiff’s complaint is granted.