*245 OPINION OF THE COURT
James F. Niehoff, J.
The facts in this case are quite simple.
On February 7, 1975 the automobiles being driven by Rosanne Scarpelli and Joseph Marshall came into contact with one another. As a result of the collision two lawsuits were begun. In the first lawsuit, the plaintiff Rosanne Scarpelli seeks damages for personal injuries claimed to have been sustained by her as a result of the alleged negligence of the defendant Joseph Marshall. In the second case, Liberty Mutual Fire Insurance Company, as subrogee of Joseph Marshall, sues to recover the moneys expended to replace Mr. Marshall’s Volkswagen automobile alleging that the accident was due to Ms. Scarpelli’s negligence.
It is claimed by the defendant Joseph Marshall and the plaintiff Liberty Mutual Fire Insurance Company that Ms. Scarpelli was operating a motor vehicle which at the time of the collision was uninsured. Specifically, defendants assert that on January 14, 1975 the Reliance Insurance Company which had insured said vehicle under policy No. AF9-18-18-60 canceled the policy for nonpayment of premiums.
Before the court is a motion made on behalf of the defendant Joseph Marshall to dismiss the complaint in the personal injury case brought by Rosanne Scarpelli. In the alternative, defendant seeks a preliminary hearing on the issue of whether or not plaintiff was insured at the time of the accident. The defendant’s application is predicated upon the argument that since the advent of the "no-fault” law a person may not maintain a cause of action for personal injuries unless the injured party is a "covered person” and that the operator of an uninsured vehicle is not a covered person. In sum, it is the defendant’s position that inasmuch as there is no reference in article XVIII of the Insurance Law to an action by an uncovered person such person may not bring suit irrespective of the fact that said person has met the "serious injury” predicate or threshold.
Although the plaintiff claims that she was insured while she was operating her motor vehicle and, so, has a right to sue in any event, she argues that the court should decide whether the right of an uncovered person to maintain a cause of action for personal injuries has been abrogated before considering or determining the question of whether plaintiff was operating an insured motor vehicle.
*246 Manifestly, there is no need to hold a hearing to determine whether or not plaintiff was insured at the time of the accident if plaintiff may press her cause of action even though uninsured. A hearing with respect to her insurance coverage is called for only if the court concludes that by reason of the provisions of section 673 of the Insurance Law an uninsured operator is precluded from bringing a common-law negligence action for injuries sustained in an automobile accident. Hence, the court will take up the contention advanced by defendant, namely, that an uncovered person has no cause of action for personal injuries.
In support of his motion the defendant relies on the cases of Kimbrough v Walker (Action No. 1) and Works v Sauro (Action No. 2) (89 Misc 2d 177). It should be noted that the Kimbroughs and Works unlike Rosanne Scarpelli, did not meet the threshold requirements of article XVIII. Consequently, they could have been denied the right to sue upon that ground. However that may be, Mr. Justice John R. Tenney of Supreme Court, Onondaga County, who decided the Kimbrough and Works cases did not base his decision on that fact but went on to hold that James Kimbrough who was the operator of the vehicle in Action No. 1, and his wife, Minnie Kimbrough, a passenger in their uninsured vehicle, and Works the operator of the vehicle in Action No. 2, were not covered persons because their respective vehicles were not insured and, as a result, could not bring common-law negligence actions for injuries sustained by them. In his opinion he stated (89 Misc 2d 177, 179, supra): "The Legislature appears to be saying that an insured motorist and his spouse may not have a cause of action even if they meet the threshold requirements. Section 673 authorizes actions by 'a covered person against another covered person’. There is no reference to an action by an 'uncovered person’ against a covered person * * * To permit the uninsured plaintiff to proceed under a common-law negligence theory would be rewarding him for his criminal acts.”
While it is clear to the court that operators of uninsured motor vehicles are not covered by article XVIII and have no one to look to for first-party benefits under the no-fault law (see Montgomery v Daniels, 38 NY2d 41, 62), the court is unable to conclude, as Mr. Justice Tenney did, that in enacting the "no-fault” law the Legislature intended to foreclose such persons from seeking damages for serious injuries sus *247 tained due to the wrongful acts of another driver. Although Mr. Justice Tenney acknowleged that ”[i]t is difficult to believe that the Legislature intended the failure to insure to have such a severe impact” he was of the view that the "Legislature appears to be saying that an uninsured motorist * * * may not have a cause of action even if [he meets] the threshold requirements.” (Supra, p 179, emphasis supplied.)
 An examination of section 673 of the Insurance Law discloses that it is silent with respect to a cause of action for personal injuries sustained by a noncovered person. Nowhere does that section state that the cause of action which a noncovered person would have possessed prior to its enactment has been abrogated. To reach that conclusion one must rely upon inference and relying on inference hold that the Legislature intended, by implication, to abrogate the cause of action of a noncovered person. However, the "no-fault” law is in derogation of the common law and it is a firmly established principle of law that statutes in derogation of the common law are to be strictly construed and the common law is never abrogated by implication. In short, the common law must be held to be no further abrogated than the clear import of the language used in the statute absolutely requires. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 301.)
Applying that fundamental principle to the "no-fault” law this court is of the opinion that the Legislature’s silence with respect to a cause of action by a noncovered person should not be interpreted to mean that the Legislature intended to wholly abrogate the common-law right of noncovered persons who are injured to seek compensation in our courts.
This is not to say that the court is of the mind that the Legislature intended to allow an uninsured motorist to recover damages under a common-law negligence theory without regard to the threshold requirements while at the same time limiting a law abiding motorist to suit when the threshold is met. By so doing the Legislature would have been rewarding an uninsured motorist by placing him in a position superior to that of an insured motorist and that flies in the face of reason.
Rather, reason dictates that the intention of the Legislature was to allow noncovered persons, like covered persons, to bring a negligence action provided the injuries sustained are "serious” as defined by statute. Such a holding does not result in "rewarding” an uninsured plaintiff. It merely permits him *248 the opportunity to prove that he has been seriously injured by the negligent conduct of the defendant which hardly constitutes the bestowal of a reward upon the uninsured plaintiff.
In a word, if the intention of the Legislature was to fully abrogate the common-law rights of noncovered persons it could have easily said so in clear and unambiguous language. It did not do so and the court will not by implication ascribe such a radical intention to the Legislature.
For the above reason, this motion by the defendant Joseph Marshall to dismiss the plaintiff’s complaint is denied.