OPINION OF THE COURT
Bernard Fuchs, J.
Defendant moves to dismiss on the ground that this action is barred by the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art 18). The complaint alleges personal injuries inflicted on August 23, 1975 in New York by the negligent collision of defendant’s automobile with the uninsured vehicle plaintiff drove.
Subdivision 1 of section 673 of the statute provides that a "covered person” may not recover from another "covered person” for personal injuries from negligent use of a motor vehicle in New York except for economic (generally out-of-pocket) loss in excess of $50,000 and "non economic loss” (mainly pain and suffering) in the case of "serious injury”. It appears to be conceded that plaintiff is not a covered person.
Nothing else in the statute precludes common-law recoveries. Since the operation of subdivision 1 of section 673 is explicitly confined to rights of a "covered person” the statute does not by its terms bar this action.
With one possible exception nevertheless (see Pointer v *645 Delinois, NYLJ, May 16, 1975, p 20, col 6), every decision to date lends at least some support to defendant’s motion. In Kimbrough v Walker (89 Misc 2d 177) two uninsured plaintiffs’ actions were dismissed because article 18 of the Insurance Law made no provision for them and the court sought to avoid rewarding criminal conduct (failure to insure) as in Riggs v Palmer (115 NY 506).
Gamble v Randolph (91 Misc 2d 436) reached the same result as to a claim which would not have amounted to a "serious injury” had the plaintiff been a covered person. It was held that one who violated the law should not be allowed an action which the statute denied to those in compliance. The court also cited the rule of McConnell v Commonwealth Pictures Corp. (7 NY2d 465) against maintaining actions based upon illegal acts.
In Scarpelli v Marshall (92 Misc 2d 244, 247) the court declined to nonsuit the uninsured plaintiff, holding that her common-law right of action could not be "abrogated by implication” under established rules of statutory construction. The plaintiff’s recovery there was nevertheless conditioned on meeting the threshold of "serious injury” within the statutory definition. For the court declined to place her "in a position superior to that of an insured motorist” who could not sue without meeting the threshold.
Marc-Charles v Krug (93 Misc 2d 603, 608) provides another variation. In that case the uninsured plaintiff’s actions for injuries which did not meet the "serious injury” threshold were permitted as to "basic economic loss” but dismissed as to "non-economic loss”. Any recovery beyond the medical bills was denied so as to avoid rewarding plaintiffs for "violating the law”.
The purpose of article 18 of the Insurance Law, the "no-fault law”, and the common-law infirmities it seeks to remedy are explored in Montgomery v Daniels (38 NY2d 41). Before its enactment one fourth of the personal injuries from automobile accidents went uncompensated. Payment to many of the severely injured was inadequate and long delayed while the courts were heavily burdened with minor personal injury cases. The legislative remedy was to provide through required "financial security” (mainly insurance) prompt compensation for the cost up to $50,000 of treating such injuries and for the bulk of lost earnings, regardless of fault. Those receiving this benefit, however, were denied recovery for "non economic *646 loss” unless they could prove "serious injury”. (Insurance Law, § 673, subd 1).
The "noncovered person” can recover neither the cost of his treatment nor lost earnings without proof of fault for, unlike the legitimate "covered person”, he has not been rescued from that necessity by article 18. Does the Legislature’s silence about the "noncovered person” mean that his failure to provide financial security extinguishes a right of action on which perhaps millions of individuals have recovered since the automobile came into general use? Does it imply partial extinction of that right, as some decisions have held, depending on whether his injury is "serious”?
Established canons of construction caution against either inference. The common law is said never to be abrogated by implication and a statute which derogates it is strictly construed. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 301.) Moreover, if the Legislature has inadvertently omitted language which would bar recovery by the "noncovered person”, the courts may not fill the hiatus by construction. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 363.) And when it is reasonable to suppose, as here, that the Legislature intended the omission, that canon applies a fortiori.
In drafting article 18, the Legislature could well have determined that denial to the "noncovered person” of "first party benefits” (mainly medical costs and lost earnings) without proof of fault was penalty enough without closing the courthouse to him. For survival of the noncovered person’s cause of action would impair only slightly the subsidiary legislative purpose to reduce the judicial burden of minor personal injury litigation. A reasonable device with which the legislative draftsman could draw the desired distinction between a covered person and his illegitimate opposite is the statutory silence which this court must now interpret. For the Legislature writes on a slate already covered with the history of judicial decision.
The background of this statute lends weight to the view that the Legislature meant exactly what it said and what it did not say. Article 18 is the product of 40 years of debate, a "staggering” number of reports, exhaustive investigation, three years of hearings and exceptional deliberation. (Montgomery v Daniels, 38 NY2d 41, supra.) If comprehensive expression cannot be ascribed to the Legislature in such a statute where shall we search for it?
*647 Characterization of plaintiffs failure to insure as a crime need not complicate the task of interpretation. Section 319 of the Vehicle and Traffic Law already provides for fine and imprisonment and it is no part of the judicial function to invent new punishments. Especially is this clear where the judicially invented punishment would excuse a tort-feasor’s liability sanctioned by generations of decision.
This plaintiff is not here to recover the fruit of his crime by pursuing a common-law action as the murderer in Riggs v Palmer (115 NY 506, supra) sought under the statute governing decedents estates to retain his victim’s legacy. There is no reason to believe that plaintiff remained uninsured for the purpose of retaining his common-law rights of action. To punish him for failure to insure by denying those rights would add nothing to existing inducements to insure.
Nor is plaintiff barred by the policy of McConnell v Commonwealth Pictures Corp. (7 NY2d 465, supra), an action to recover compensation for obtaining a contract by bribery. In denying recovery the Court of Appeals carefully limited the authority of its decision to actions on contracts performed illegally by commercial bribery or the like. No feat of imagination can extend that doctrine to the present Case.
Neither the legislative silence as to "noncovered persons” nor any judicially cognizable public policy requires dismissal of this action whether plaintiff meets the threshold of "serious injury” or not. Nor is there any justification for permitting plaintiff to recover "basic economic loss” while denying "non economic loss” or vice versa, with or without a "serious injury”.
Motion denied.