OPINION OF THE COURT
Norman A. Mordue, J.
On April 27, 1992, plaintiff was a passenger in his brother’s car when it was struck by defendants’ car. Plaintiff commenced an action against defendants. The cause of action for pain and suffering was settled for the sum of $7,500. Plaintiff now seeks payment of his medical bills from defendants’ insurance company.
*596 Plaintiff’s brother’s policy was written in the State of Georgia and does not contain any personal injury protection coverage or medical payments coverage. Personal injury protection is no longer mandatory in Georgia and the insured (plaintiff’s brother) elected not to secure medical payments under his policy.
Because plaintiff cannot get any coverage through his brother’s policy, he contends that he is not a "covered person” under the Insurance Law. As a noncovered person, plaintiff maintains that he is entitled to coverage from defendants’ policy for basic economic loss in the nature of medical bills.
Defendants contend that plaintiff falls within the definition of a covered person under section 5102 of the Insurance Law as one who was injured while an occupant of "a motor vehicle which has in effect the financial security required by article six or eight of the vehicle and traffic law * * * or any other person entitled to first party benefits”. (Insurance Law § 5102 [j].) Defendants maintain that although plaintiff does not qualify under the first part of the definition, he does qualify under the second. They contend that plaintiff is "any other person entitled to first party benefits” because he is entitled to first-party benefits under the act known as the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). MVAIC offers first-party benefits to persons who, through no fault of their own, were New York residents involved in motor vehicle accidents caused by, inter alla, "uninsured motor vehicles registered in a state other than New York”. (Insurance Law § 5201 [b] [1].)
Section 5104 of the Insurance Law provides that a covered person cannot recover damages for basic economic loss from another covered person. The parties agree that defendants are covered persons under the Insurance Law. Defendants argue that because plaintiff and defendants are covered persons within the meaning of the Insurance Law, plaintiff cannot recover against these defendants.
Defendants’ argument must fail. Section 5201 (b) applies to motor vehicle accidents that were caused by uninsured motor vehicles registered in a State other than New York. Although plaintiff was a passenger in an out-of-State motor vehicle, there is no proof that the accident was caused by that motor vehicle. In fact, the only proof in this record is that the accident was defendants’ fault. The police report of the accident supports *597 plaintiffs allegation that defendants were at fault.* Therefore, this is not an accident caused by an uninsured motor vehicle registered in a State other than New York. The accident was caused by defendants’ car, one that is registered in New York. Thus, the MVAIC does not apply.
Because the MVAIC does not apply, plaintiff is not a covered person. Accordingly, defendants’ insurer must reimburse plaintiff for his basic economic loss.

 The police report states that defendant driver turned the wrong way onto a one-way street, realized that it was the wrong way, turned back, and hit plaintiffs car.