OPINION OF THE COURT
Thomas Feinman, J.
The defendant moves this court for an order settling the transcript from the trial of the aforementioned case. The transcript is hereby settled. Moreover, this court having reviewed the minutes of the transcript and applicable law hereby sua sponte vacates its prior decision after trial, dated July 18, 2001, and renders in its place the following:
*759 The plaintiffs complaint sought compensation, in the amount of $1,500 from the defendant for medical bills, pain and suffering and a loss of a day’s wage, based on a theory of negligence, due to an auto accident. The defense counsel contends that the plaintiff has no right of claim against the defendant, pursuant to Insurance Law § 5104.
A trial of this small claims action was held on July 18, 2001.
Based upon the credible evidence adduced at trial, the court makes the following findings of fact and conclusions of law.
Findings of Fact
In the trial of this small claims action, the pro se plaintiffs recitation of the facts were uncontroverted, as the defendant did not personally appear at the trial. Rather, the defendant appeared by counsel.
On December 27, 1999, the plaintiff was a passenger in a taxicab when the taxicab was hit in the rear by the defendant’s motor vehicle, which was operated by the defendant. The police report, which was submitted into evidence, revealed, in pertinent part, that: “V-2 [taxi cab] stopped at stop sign when VI [defendant’s automobile] rear ends V-2.”
At the time of the accident, neither the taxicab company nor the plaintiff had automobile insurance. The taxicab’s insurance policy had expired a number of months prior to the date of the accident and the plaintiff did not own an automobile, thereby having no need for his own automobile insurance. A letter was produced at trial, which indicated that the taxicab company had submitted a claim on behalf of the plaintiff to its insurance company. The letter revealed that there was no insurance coverage on the date of the accident because the policy had expired.
At the time of the accident, the defendant did have automobile insurance.
At the trial, the plaintiff amended the amount of damages from $1,500 to $750. The $750 was for basic economic loss in the nature of medical bills. Two medical bills were submitted to the court at the trial.
The taxicab company and the driver of the taxicab were not named as a party to this action.
As indicated above, the defense counsel contends that the plaintiff has no right of claim against his client, pursuant to Insurance Law § 5104. Rather, the defense counsel’s position is that the plaintiff must seek no-fault benefits through the *760 taxicab company or if the insurance carrier of the taxicab company disclaims coverage, then the plaintiffs remedy would be through the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC). The defense counsel further contends that the plaintiff would be permitted to sue his client only if plaintiff had a “serious injury.”
Conclusions of Law
An owner of a motor vehicle is “liable and responsible for the death or injuries to person or property resulting from negligence * * * by any person using or operating the same with the permission, express or implied, of such owner” (Vehicle and Traffic Law § 388 [1]). Although Vehicle and Traffic Law § 388 requires owners of motor vehicles to be liable and responsible to a person or property resulting from negligence, the “No-Fault” Law provides a plan to compensate victims of auto accidents without regard to fault.
No-fault insurance is a creation of statute. Article 51 of the Insurance Law is entitled “Comprehensive Motor Vehicle Insurance Reparations” and is commonly referred to as the No-Fault Law. Regulations implementing the act are contained in 11 NYCRR part 65.
The purposes of the No-Fault Law was to ensure that every automobile accident victim be compensated for substantially all of his or her economic loss promptly and without regard to fault and to significantly reduce the number of automobile personal injury accident cases litigated in the courts (Johnson v Hartford Ins. Co., 100 Misc 2d 367 [Sup Ct, Monroe County 1979]; Licari v Elliott, 57 NY2d 230 [1982]). Under the No-Fault Law eligible injured persons are entitled to no-fault benefits referred to as “first party benefits” for certain health service expenses and losses arising out of the use or operation of certain motor vehicles (Insurance Law § 5103 [a]). “First party benefits”[1] are basically a reimbursement to a person for “basic economic loss” on account of personal injury arising out *761 of the use or operation of a motor vehicle, less certain deductions prescribed by statute (Insurance Law § 5102 [b]). Basic economic loss,[2] (generally out-of-pocket loss) is limited to $50,000 per person for (1) necessary medical expenses; (2) work *762 loss; and (3) other reasonable and necessary expenses (Insurance Law § 5102 [a]).
No-fault recovery is obtained by the insured’s own insurance company without the necessity of a negligence suit. In fact, the No-Fault Law provides that a “covered person” cannot recover damages for basic economic loss from another “covered person” and cannot recover noneconomic loss,[3] (mainly pain and suffering) except in the case of a serious injury (Insurance Law § 5104 [a]; see Hughes v Ryder Truck Rental, 125 AD2d 177 [1st Dept 1986], lv denied 69 NY2d 609 [1987]).
Insurance Law § 5104 (a), entitled “Causes of Action for Personal Injury,” states, in pertinent part, that:
“Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
In light of Insurance Law § 5104 (a), if the plaintiff and the defendant were covered persons, then the plaintiff’s right to recover damages in a tort action, like the one herein, for basic economic loss would be unconditionally barred by law and the right to recover damages for noneconomic loss would be conditionally barred by law. This appears to be the crux of the defense attorney’s argument.
Insurance Law § 5102 (j) defines a covered person as: “[A]ny pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required [by the Vehicle and Traffic Law] * * * ; or any other person entitled to first party benefits.”
It is clear and uncontroverted that the defendant is a covered person, as he was an owner and operator of a motor vehicle, which had in effect at the time of the accident financial security required by the Vehicle and Traffic Law (i.e., automobile insurance).
However, the plaintiff is not a covered person. The plaintiff does not qualify under the first part of the definition of a covered person, as the taxi company did not have in effect *763 financial security as required by statute, and the plaintiff did not have his own automobile insurance. Further, the plaintiff is not a person entitled to first-party benefits, thereby qualifying under the second part of the definition of a covered person. The defense counsel argues that the plaintiff is entitled to first-party benefits under MVAIC. MVAIC[4] does offer first-party benefits to qualified persons, who through no fault of their own, were involved in a motor vehicle accident caused by, inter alia, motor vehicles registered in this state, but at the time of the accident there was not in effect a policy of liability insurance (Insurance Law § 5201 [b] [3]; see Blake v Scribner, 168 Misc 2d 595 [Sup Ct, Onondaga County 1996]). MVAIC applies to motor vehicle accidents that were caused by uninsured motor vehicles. There was no proof offered at the trial of this action that the accident was caused by the taxicab, the uninsured motor vehicle. In fact, the only proof introduced at trial was that the defendant was at fault. The police report of the accident supports such allegations.
In light of the foregoing, this court finds that the plaintiff is not a covered person.
*764 The No-Fault Law specifically addresses tort actions between covered persons against covered persons and covered persons against noncovered persons (Insurance Law § 5104 [a], [b]). However, the No-Fault Law is silent on the issue of actions by noncovered persons against covered persons, as is the case at bar.
Since the operation of Insurance Law § 5104 (a) is explicitly confined to the rights of a covered person, the statute by its terms does not bar this action (see Stark v Miller, 95 Misc 2d 643 [Civ Ct, Kings County 1978]). Moreover, “the Legislature’s silence with respect to a cause of action by a noncovered person should not be interpreted to mean that the Legislature intended to wholly abrogate the common-law right of noncovered persons who are injured to seek compensation in our courts” (Scarpelli v Marshall, 92 Misc 2d 244, 247 [Sup Ct, Nassau County 1977]; Vehicle and Traffic Law § 388). A non-covered person retains a right to sue in negligence for both economic and noneconomic loss (see Scarpelli v Marshall, supra, 92 Misc 2d 244). Accordingly, in the instant case, the plaintiff may maintain this action against the defendant for his basic economic loss (see, Blake v Scribner, supra, 168 Misc 2d 595; see also Petti v Pollifrone, 170 AD2d 494 [2d Dept 1991]).
Accordingly, the court adheres to its original decision in favor of the plaintiff, who is awarded the sum of $733.06 together with costs and disbursements of this action.

. “ ‘First party benefits’ means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle, less:
“(1) Twenty percent of lost earnings computed pursuant to paragraph two of subsection (a) of this section.
“(2) Amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workers’ compensation benefits, or disability benefits under article nine of the workers’ compensation law, or medicare benefits, other than lifetime reserve days and provided further that the medicare benefits utilized herein do not result *761 in a reduction of such person’s medicare benefits for a subsequent illness or injury.
“(3) Amounts deductible under the applicable insurance policy” (Insurance Law § 5102 [b] [emphasis added]).

. “ ‘Basic economic loss’ means, up to fifty thousand dollars per person of the following combined items, subject to the limitations of section five thousand one hundred eight of this article:
“(2) Loss of earnings from work which the person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to two thousand dollars per month for not more than three years from the date of the accident causing the injury. An employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of the employee’s inability to work because of personal injury arising out of the use or operation of a motor vehicle, is not entitled to receive first party benefits for ‘loss of earnings from work’ to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in the employee’s level of future benefits arising from a subsequent illness or injury.
“(3) All other reasonable and necessary expenses incurred, up to twenty-five dollars per day for not more than one year from the date of the accident causing the injury.
“(4) ‘Basic economic loss’ shall not include any loss incurred on account of death; subject, however, to the provisions of paragraph four of subsection (a) of section five thousand one hundred three of this article.
“(5) ‘Basic economic loss’ shall also include an additional option to purchase, for an additional premium, an additional twenty-five thousand dollars of coverage which the insured or his legal representative may specify will be applied to loss of earnings from work and/or psychiatric, physical or occupational therapy and rehabilitation after the initial fifty thousand dollars of basic economic loss has been exhausted. This optional additional coverage shall be made available and notice with explanation of such coverage shall be provided by an insurer at the first policy renewal after the effec *762 tive date of this paragraph, or at the time of application.” (Insurance Law §5102 [a] [emphasis added].)

. “ ‘Non-economic loss’ means pain and suffering and similar non-monetary detriment” (Insurance Law § 5102 [c] [emphasis added]).

. “The legislature finds and declares that the motor vehicle financial security act in the vehicle and traffic law, which requires the owner of a motor vehicle to furnish proof of financial security as a condition to registration, fails to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them, in that the act makes no provision for the payment of loss on account of injury to or death of persons who, through no fault of their own, were involved in motor vehicle accidents caused by:
“(3) motor vehicles registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance,
“(4) stolen motor vehicles,
“(5) motor vehicles operated without the permission of the owner,
“(6) insured motor vehicles where the insurer disclaims liability or denies coverage, and
“(7) unregistered motor vehicles.
“In addition, this article is intended to provide no-fault benefits for qualified persons for basic economic loss arising out of the use and operation in this state of an uninsured motor vehicle, as provided herein and in the comprehensive motor vehicle insurance reparations act. The legislature determines that it is a matter of grave concern that those persons are not recompensed for their injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps in the motor vehicle financial security act and the comprehensive motor vehicle insurance reparations act through the continued operation of the motor vehicle accident indemnification corporation” (Insurance Law § 5201 [b]).