In the Matter of JOHN MAIDA, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—In a proceeding to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 31, 1978, which granted the application. Judgment affirmed, with $50 costs and disbursements. On May 18, 1976, petitioner, who was 81 years old at the time, was struck by an automobile. The appellant State Farm Mutual Automobile Insurance Company (State Farm), pursuant to the Comprehensive Automobile Insurance Reparations Act (no-fault law), provided nursing services for petitioner until March 2, 1977, when it indicated that it was going to deny further benefits. Thereafter, petitioner, who did not have funds to retain his own private nurse, was cared for by his daughter-in-law, who rearranged her work schedule so that she could help her father-in-law. Upon receipt of State Farm's denial of claim, petitioner demanded arbitration pursuant to the no-fault law. An arbitration hearing was held and State Farm presented a physician's report which, *inter alia,* indicated that petitioner's current condition was due to the normal aging process. The arbitrator, in making an award to petitioner, found that he had a continued need for nursing services as a result of the accident. Special Term confirmed the award. State Farm contends that the award cannot stand because under section 671 (subd 1, par [a]) of the Insurance Law a claimant can only recover for expenses actually incurred. Petitioner, however, did not incur any expenses since he did not spend any money for the services of his daughter-in-law. State Farm contends further that there can be no recovery for the services of the daughter-in-law since she is not a nurse or a professional health provider within the meaning of section 671 (subd 1, par [a], cls [i], [iv]) of the Insurance Law. It is true that the statute speaks in terms of expenses incurred. The no-fault law provides

for the payment of first-party benefits which consists of basic economic loss. Section 671 (subd 1, par [a], cls [i], [iv]) defines basic economic loss as follows: "1. 'Basic economic loss' means, up to fifty thousand dollars per person: (a) all necessary *expenses incurred* for: (i) medical, hospital, surgical, *nursing,* dental, ambulance, x-ray, prescription drug and prosthetic services * * * and, (iv) any other *professional health services"* (emphasis supplied). We hold that petitioner must be deemed to have incurred expenses. The arbitrator found that petitioner needed and was entitled to nursing services and the record presented supports that conclusion. In our view when an insurance carrier terminates payment of basic economic loss without justification and the injured party has a continuing need for services, available pursuant to section 671 of the Insurance Law, it cannot be said that expenses have not been incurred. The need to incur an expense is the same as if it was actually incurred where there are no other assets available to pay for the required services. In reaching this conclusion we look to the principle that statutes are to be interpreted so as to fulfill policies which the Legislature evidently had in mind (see 56 NY Jur, Statutes, § 169). It is clear that a recovery by petitioner is within the avowed aims of the statute. As to State Farm's contention that there can be no recovery for the services of the daughter-in-law because she is not a nurse or the provider of professional health services, we note that in view of the result reached here that issue is not determinative. The record supports the view that petitioner continued to need nursing services, and that the daughter-in-law provided nursing care to the best of her abilities. That State Farm's denial of claim forced petitioner to be cared for by someone who did not have official nursing qualifications does not eliminate his right of recovery. Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.