OPINION OF THE COURT
John A. Mastrella, J.
Defendant, Hartford Insurance Company, is moving for summary judgment on the ground that plaintiff, James E. Johnson, is not entitled to recovery of first-party benefits under article 18 of the Insurance Law because plaintiff’s injuries did not result from the "ownership, maintenance, or use” of the vehicle in which he was riding. Plaintiff is also cross-moving for summary judgment for payment of medical expenses and for lost earnings.
On December 25, 1975, shortly after midnight, plaintiff was a passenger in an automobile in which another passenger, Robert O’Connor, was being driven to a gasoline station because his automobile had run out of gasoline. An open station was located, Mr. O’Connor exited from the car, had gasoline placed in an uncapped portable plastic container, and then returned to the car where he sat in the center of the front seat with the gasoline container on his lap and one hand over the uncapped top. While en route to his disabled vehicle, O’Connor lit a cigarette causing an explosion which caused serious injury to the plaintiff. Plaintiff thereafter commenced a personal injury action against the individuals allegedly responsible for plaintiff’s injuries and also an action against the Hartford Insurance Company on the ground it improperly denied plaintiff’s claim for payment of first-party no-fault insurance benefits. This action was severed from the personal injury action by a prior order of this court.
Hartford’s right to summary judgment is dependent upon whether plaintiff is a "covered person” under subdivision 10 of section 671 of the Insurance Law which defines such person as "any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by [the Vehicle and Traffic Law] or any other person entitled to first party benefit.” Subdivision 1 of section 672 of the Insurance Law sets forth who is entitled to the payment of first-party benefits:
"Every owner’s policy of liability insurance * * * shall provide for * * * and every owner of a motor vehicle required to be subject to the provisions of this article * * * shall be liable for; the payment of first party benefits to:
*369 "(a) persons, other than occupants, of another motor vehicle or a motorcycle, for loss arising out of the use or operation in this state of such motor vehicle”.
Thus, plaintiff’s status as a "covered person” turns on whether his injuries arose out of the "use or operation” of a motor vehicle.
Existing legislative history on article 18 provides no guide for interpreting "use or operation” (see Report of Joint Legislative Committee on Insurance Rates, Regulations and Recodification of Insurance Law, NY Legis Doc, 1973, No. 18, pp 5-14; see, also, Montgomery v Daniels, 38 NY2d 41, 49-52 [summary of Legislative history]). Decisional law developed in interpreting insurance policy clauses containing similar phrases would thus seem to be an aid for purposes of interpreting the statutory language as it applies to the facts in the present case (see 12 Couch, Insurance 2d, §§ 45:47-52, 45:64, 45:68-45:80, citing examples and authorities; see, also, 30 NY Jur, Insurance, §§ 1221-1223; Ann., 89 ALR2d 150, 163-173).
The Fourth Department, interpreting this statutory language as it applies to campers, held that the "no-fault coverage required by the statute applies for use of the motor vehicle qua motor vehicle” (Reisinger v Allstate Ins. Co., 58 AD2d 1028, affd 44 NY2d 881). In that case the court denied recovery of first-party benefits for injuries sustained by the plaintiff Reisinger "when the gas cook stove in the insured 'mini motor home’ exploded during use. At the time the motor vehicle was parked in a campground and Mrs. Reisinger was preparing breakfast.” The court, in effect, held that no-fault insurance did not cover the motor vehicle while it was being used in the nature of a home rather than as a motor vehicle. Following and citing Reisinger, the Second Department in a recent case also denied recovery where a claimant was injured when she fell while getting out of bed inside a tent trailer which was attached to the insured motor vehicle parked inside a campground (Walters v Government Employees Ins. Co., 66 AD2d 779).
In an earlier decision under article 18 of the Insurance Law, cited by the court in Reisinger, the Fourth Department denied recovery of first-party benefits to the driver of a snowmobile who ran into an "unoccupied locked vehicle parked on a public street in front of the owner’s residence”. (McConnell v Fireman’s Fund Amer. Ins. Co., 49 AD2d 676, 677.) The court stated (p 677) that "[wjhile authority broadly interprets the *370 phrase 'use or operation’ the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle which is the proximate cause of the injury or damage sustained.” (See, also, Pavone v Aetna Cas. & Sur. Co., 91 Misc 2d 658; Matter of Senia v Government Employees Ins. Co., 85 Misc 2d 762.)
The language of these decisions is dispositive of the issue in this case. Under the present facts, which are distinguishable from the facts in the Reisinger, Walters, and McConnell decisions, plaintiff is a "covered person” under section 671 of the Insurance Law and is entitled to first-party benefits because his injuries arose from the use or operation of a motor vehicle, as required by section 672. The explosion and plaintiff’s resulting injuries occurred while the automobile was being used in the capacity for which it was intended — for purposes of transportation. Furthermore, the facts are not analytically much different from the situation where a gasoline can in the trunk of an automobile or a gasoline tank explodes and a passenger is injured. In these two examples it would appear that passengers are "covered persons” (see 12 Couch, Insurance 2d, § 45:80, p 163). In all three situations the occurrences and resulting injuries are not remote from the use or operation of the automobile and are sufficiently connected with its normal use or operation as a vehicle for transportation to be covered by the statutory language.
This holding also comports the primary legislative purpose underlying article 18 of the Insurance Law, which is to ensure "that every auto accident victim will be compensated for substantially all of his economic loss promptly and without regard to fault” (Report of the Joint Legislative Committee on Insurance Rates, Regulation and Recodification of the Insurance Law, NY Legis Doc, 1973, No. 18, p 7). The law was enacted to reduce the need for lengthy litigation and provide swift compensation without cumbersome procedures. As one court has stated: "The statute should be employed as a sword to gain immediate benefits for the injured, not as a shield to minimize an insurer’s potential damages.” (Yanis v Texaco, Inc., 85 Misc 2d 94, 97.) Furthermore, courts are uniform in construing that the no-fault insurance law should be interpreted to fulfill the policies the Legislature had in mind (Matter of Maida v State Farm Mut. Auto. Ins. Co., 66 AD2d 852, 853; see, also, Colon v Aetna Cas. & Sur. Co., 64 AD2d *371 498, 503; see, generally, 56 NY Jur, Statutes, §§ 169, 211, 228). Thus, where possible, courts will generally opt in favor of ruling for no-fault coverage of an insured unless, under the facts of a particular case, such a ruling would not be in cadence with the statutory language and purpose (see discussion in Di Fede, 1978 Survey of New York Law — Insurance Law, 30 Syr L Rev, 313, 348-350).
Accordingly, the defendant’s motion for summary judgment is denied.
Turning to plaintiffs cross motion for summary judgment for payment of first-party benefits, normally such a motion should be made upon proper motion papers which include a notice of motion or an order to show cause (CPLR 2211, 2214, subds [a], [b]; cf. CPLR 403, subd [a]). While this court is directed to disregard technical mistakes or irregularities if the substantial rights of a party are not prejudiced, and to secure a just, timely, and economical determination of all civil judicial proceedings (CPLR 104, 2001; Webster Stores of N. Y. v Sunnyside Up, 57 AD2d 648, 649; see, generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:12, pp 78-80), it is clear that plaintiff, in his papers, has not sufficiently demonstrated compliance with the requirements of subdivision 1 of section 675 of the Insurance Law.
Accordingly, plaintiffs motion for summary judgment is denied, without prejudice to renew.