■    In the Matter of the Arbitration between LILLIAN BURNS, Respondent, and AETNA INSURANCE COMPANY, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 26, 1978 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 75, to vacate an arbitrator's award and ordered a

rehearing before a different arbitrator. Judgment affirmed, with costs. No opinion. Sweeney, J. P., Staley, Jr., Mikoll and Herlihy, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). Petitioner invoked the arbitration provisions of section 675 of the Insurance Law in an effort to recover the full cost of services rendered to her by special private duty nurses following a 1974 incident in which she was struck by an automobile insured by the respondent. Upon her application, Special Term vacated the arbitrator's award for a lesser amount, together with attorney's fees less than those requested, and this appeal by respondent ensued. Although the precise standard of judicial review governing such awards may be unclear, it is plain that they will not be upset if they possess some degree of rationality (cf. *Matter of Garcia v Federal Ins. Co.*, 46 NY2d 1040). The dispute in this matter involved respondent's obligation to pay "all [reasonable and] necessary expenses incurred for: (i) * * * nursing * * * services" (Insurance Law, § 671, subd 1, par [a]) and "all other reasonable and necessary expenses incurred, up to twenty-five dollars per day" (Insurance Law, § 671, subd 1, par [c]; see L 1973, ch 13, amd by L 1977, ch 892). The arbitrator's decision limiting the amount of petitioner's reimbursement concluded that while she may have needed and received certain assistance from private duty nurses, the care provided by them was not a necessary *nursing* service owing to the availability and responsibility of regular personnel to furnish that type of service. On the subject of attorney's fees, the decision merely reflects the arbitrator's evaluation of the true worth of those services. Since an arbitrator is free to decide that certain items constituted nursing services even though they were not supplied by a nurse *(Matter of Maida v State Farm Mut. Auto. Ins. Co.*, 66 AD2d 852), it can hardly be thought irrational for an arbitrator to determine that not all efforts undertaken by a qualified nurse amount to necessary nursing services. Nor would an arbitrator commit more than factual error in fixing the number of hours or the value assigned to legal services rendered in connection with a given claim. The instant award resolves the issues submitted to the arbitrator and petitioner is not free to relitigate them. Even if her arguments on the merits were valid, and they are not, the arbitrator's decision cannot be termed irrational (cf. *Matter of Garcia v Federal Ins. Co., supra*). Accordingly, the judgment of Special Term should be reversed and the award confirmed.