■ RUTH MORGAN, Appellant, v LOUIS BISORNI, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Leggett, J.), entered December 10, 1982, in favor of defendant, upon a jury verdict. ¶ Judgment reversed, on the law, and new trial granted, with costs to abide the event. ¶ Plaintiff and defendant are New York residents and both their vehicles are registered in the State of New York. They were involved in an automobile accident on Chestnut Ridge Road in Montvale, New Jersey, on February 8, 1980. Plaintiff collected first-party benefits for basic economic loss from her insurer pursuant to New York's Comprehensive Automobile Insurance Reparations Act (Insurance Law, art XVIII), popularly known as "no-fault", and thereafter, instituted this personal injury action against defendant. Trial of the action commenced on November 29, 1982, and plaintiff made a motion seeking to amend her complaint to plead coverage by the New Jersey "no-fault" statute. The court denied the motion. Plaintiff also objected to the court's charge to the jury, which instructed that in order to recover, plaintiff must establish "serious injury" pursuant to subdivision 1 of section 673 of the Insurance Law of New York State. The jury returned a verdict for defendant, finding that plaintiff had failed to establish serious injury and plaintiff appeals. ¶ We agree that plaintiff could not properly plead that her action was governed by the New Jersey "no-fault" statute (NJ Stat Ann, § 39:6A-1 *et seq.*), but for different reasons than stated at Trial Term. "Under the statute a nonresident in a non-New Jersey registered or insured vehicle, injured in an accident in New Jersey * * * is not covered by or subject to the New Jersey no-fault law" (*Government Employees Ins. Co. v Halfpenny,* 103 Misc 2d 128, 133). Unless a vehicle is "principally garaged" or "registered" in New Jersey (NJ Stat Ann, § 39:6A-3), an accident in which it is involved is not subject to New Jersey "no-fault" rules governing basic economic loss or threshold requirements for personal injury suits (NJ Stat Ann, §§ 39:6A-4, 39:6A-10, 39:6A-8; *American Hardware Mut. Ins. Co. v Bradley,* 153 NJ Super 72; see, also, *Cooperman v Sunmark Inds. Div.,* 529 F Supp 365, 366). Accordingly, it was not error for the trial court to refuse plaintiff's application to amend the complaint to reflect the New Jersey "no-fault" statute. ¶ However, the trial court did err in instructing the jury that plaintiff could not recover absent "serious injury" as required by New York's "no-fault" statute (Insurance Law, § 673, subd 1). Subdivision 1 of section 673, which states that there shall be no right of recovery for basic economic loss, or for "non-economic loss, except in the case of a serious injury", on its face applies only to actions for personal injuries "arising out of negligence in the use or operation of a motor vehicle *in this state*" (emphasis supplied). ¶ Initially, we note that as a statute which abrogates a common-law right, subdivision 1 of section 673 must be strictly construed, and as so construed, the section does not purport to regulate actions for personal injury arising out of the negligent use or operation of a vehicle outside this State. ¶ In addition, legislative amendments to the Comprehensive Automobile Insurance Reparations Act reflect that the Legislature was aware of the method of giving the act extraterritorial effect when it wished to do so. Amendments in 1977 deleted the language "in this state" in certain sections of the act, and in some

substituted the language "outside of this state" (L 1977, ch 892, §§ 9, 10, 11; see, also, L 1982, ch 611, § 1). The Legislature did not so amend subdivision 1 of section 673, and, therefore, it must be concluded that it did not intend to give this section extraterritorial effect. ¶ The accident herein occurred in New Jersey, and therefore, plaintiff was not required to establish "serious injury" in accordance with subdivision 1 of section 673 of the Insurance Law, and it was error for the court to so charge the jury. A substantial error in the jury charge which results in a defendant's verdict mandates reversal (*Yandian v Merlis,* 34 AD2d 582). ¶ In addition, we note that, contrary to the trial court's ruling plaintiff's collection of first-party benefits (for basic economic loss) under the New York statute does not operate as an election or waiver of common-law remedies. "In fact, rather than forbidding actions by beneficiaries the no-fault regulations contemplate just such proceedings * * * Recipients of first party benefits are allowed to recover against noncovered tortfeasors subject to a lien held by the insurer to the extent of its disbursements. *See* N.Y. Ins. Law § 673(2)" (*Cooperman v Sunmark Inds. Div., supra,* p 367; see, also, *Lattimer v Boucher,* 189 NJ Super 33). ¶ The parties have not addressed the issue of whether the common law of New Jersey will govern the action pursuant to the rule of *lex loci delicti,* or whether sufficient circumstances exist to apply the common law of New York (see *Cousins v Instrument Flyers,* 44 NY2d 698, 699). We therefore decline to resolve this issue on the record before us. ¶ We have considered plaintiff's remaining contention, and find it to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.