**Florence COOPER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 84 Civ. 1711 (RWS).**

United States District Court, S.D. New York.

April 30, 1986.

---

Weinstein, Chayt & Bard, P.C., Brooklyn, N.Y., for plaintiff; Maurice Chayt, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; Susan E. Harkins, Asst. U.S. Atty., of counsel.

SWEET, District Judge.

This personal injury suit arises out of a collision between a United States Postal Service vehicle and Florence Cooper ("Cooper"), a pedestrian. The complaint asserts two claims. The first, based on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671–2680, seeks damages for pain and suffering. The second seeks reimbursement for out-of-pocket medical expenses incurred as a result of the accident allegedly due under New York State's Comprehensive Motor Vehicle Insurance Rep-

aration's Act ("no-fault law"), N.Y. Insurance Law §§ 5101–5108 (McKinney 1985) (referred to below by section number only). Cooper brought this motion for summary judgment on the second cause of action and the government has cross-moved. For the reasons set forth below, Cooper's motion for summary judgment is denied, the government's cross-motion is granted, and the second cause of action is dismissed. Cooper will, however, be granted leave to amend the first cause of action to allege damages resulting from her basic economic loss.

**Facts**

On January 21, 1983, a Postal Service vehicle struck and injured Cooper. Cooper filed an administrative claim with the Postal Service on April 27, 1983 seeking $500,000 for personal injuries allegedly sustained in the accident. In May and June, 1983, Cooper submitted copies of medical bills for $20,399 to substantiate her administrative claim and in February, 1984, sent a letter demanding payment for these bills pursuant to the no-fault law. Cooper then filed this suit on March 9, 1984 seeking $500,000 for serious injuries and economic loss greater than basic economic loss due to defendant's negligence, and enforcement of her $20,399 claim for out-of-pocket medical expenses under the no-fault law. In this motion for partial summary judgment, Cooper argues that, as a matter of law, the United States must pay $20,399 for her economic loss or in the alternative, seeks leave to amend her complaint to include economic loss within the claim based on the defendant's negligence. In response, defendants assert that the motion for partial summary judgment should be denied and the second cause of action dismissed because the claim is barred by the doctrine of sovereign immunity and by the provisions of the no-fault law.

**New York's No-Fault Law**

New York's no-fault law was enacted to address three problems: 1) the excessive expense of the tort system, 2) the unfair distribution of compensation among accident victims, and 3) the strain placed on the judicial system by tort litigation. *Montgomery v. Daniels*, 38 N.Y.2d 41, 50–51, 378 N.Y.S.2d 1, 8–9, 340 N.E.2d 444, 448–50 (1975). The statute requires insurers or self-insured owners promptly to distribute "first party benefits" to accident victims to compensate for "basic economic loss" without regard to fault. "First party benefits" are "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle." § 5102(b). "Basic economic loss" includes medical expenses, loss of earnings and other "reasonable and necessary" expenses up to $50,000 per person. § 5102(a). Neither party disputes that the $20,399 claimed in Cooper's second cause of action represents "basic economic loss" which would ordinarily be recoverable without proof of negligence under the no-fault law.

By its own terms, the no-fault law obligates the United States to pay first party benefits. Section 321 of the Vehicle and Traffic Law excludes motor vehicles owned by the United States from having insurance or other adequate financial security provided that the owner shall be subject to the no-fault law. In turn, section 5103(a) of the no-fault law states that:

> [E]very owner of a motor vehicle required to be subject to the provisions of this article by subdivision two of section three hundred twenty-one of the vehicle and traffic law shall be liable for the payment of first party benefits to:
>
> (1) Persons, other than occupants of another motor vehicle or motorcycle, for loss arising out of the use or operation in this state of such motor vehicle
> . . .

However, notwithstanding this state law provision for liability, Cooper's no-fault claim is rendered a nullity by the doctrine of sovereign immunity.

**Sovereign Immunity**

█ Generally, one cannot maintain an action against the United States except for situations in which it consents to be sued. *United States v. Mitchell*, 445 U.S. 535,

538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), grants district courts exclusive jurisdiction over tort claims against the United States. Pursuant to that statute, the United States consents to be sued for certain "negligent or wrongful act(s) or omission(s) of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* In *Laird v. Nelms,* 406 U.S. 797, 799, 92 S.Ct. 1899, 1900, 32 L.Ed.2d 499 (1972), the Supreme Court emphasized that the United States can be held liable under the FTCA only after a finding of fault.

Since New York's no-fault law would impose liability on the United States for Cooper's $20,399 claim without a finding of fault, any claim arising under the no-fault law would contravene the doctrine of sovereign immunity. *Cf. Bell v. United States,* 754 F.2d 490, 496 (3d Cir.1985) (insurance company cannot maintain action against United States for no-fault benefits paid to occupant of government vehicle "due to the federal government's shield of sovereign immunity"). Therefore, it is necessary to conclude that the provisions of New York's no-fault law which, in conjunction with the Vehicle and Traffic law, require the payment of first party benefits by the United States are preempted by the restrictions of the FTCA and the doctrine of sovereign immunity. *See Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 426, 4 L.Ed. 579 (1819).

**Negligence Action for No-Fault Benefits**

 Since the doctrine of sovereign immunity bars Cooper from maintaining an action against the United States for enforcement of an obligation under the no-fault law, she argues in the alternative that she should be permitted to recover her basic economic loss in a negligence action.

Such an action would be brought pursuant to Cooper's common law right to sue in tort, and since such an action would depend on establishing the postal employee's negligence, it would comport with the requirements of the FTCA. The government argues in response, however, that Cooper's common law right to bring a negligence action for basic economic loss is not available because it is prohibited by the state no-fault law. According to the government, section 5104(a) of the no-fault law bars such an action since it states that:

> [I]n any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

The government notes that the definition of a "covered person" in section 5102(j) of the no-fault law [1] refers to both Cooper, as the pedestrian injured by the motor vehicle, and the United States, as the owner of the vehicle, and therefore argues that the no-fault statute clearly forecloses any recovery for basic economic loss in a suit between these two covered persons.

The government's wooden application of these two sections disregards both the function and purpose of these sections within the overall context of the no-fault law. As explained by the New York Court of Appeals in its consideration of the constitutionality of the no-fault law:

> [B]y eliminating recovery for pain and suffering in relatively minor cases and *by simultaneously guaranteeing* prompt and full compensation for economic losses up to $50,000 without the necessity of recourse to the courts, the legislature acted reasonably to eliminate much of the wasted expenditures of premium dollars or expenses extraneous to treatment of injury....

1. "Covered person means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which

... is referred to in [Vehicle and Traffic Law § 321(2) ]; or any other person entitled to first party benefits."

*Montgomery v. Daniels, supra,* 38 N.Y.2d at 55, 378 N.Y.S.2d at 13, 340 N.E.2d at 452 (emphasis added). Thus, the no-fault law is a two pronged statute: "One prong deals with compensation; the other with limitation of tort actions." *Id.* at 46, 378 N.Y. S.2d at 4, 340 N.E.2d at 446. The statutory language must therefore be interpreted in accordance with these underlying purposes. *See Johnson v. Hartford Insurance Co.,* 100 Misc.2d 367, 418 N.Y.S.2d 1009 (N.Y. Sup.Ct.1979).

■ The provisions of the no-fault law relied upon by the government to deny Cooper's tort action must therefore be read in conjunction with the rest of the statute. Section 5104, which limits a covered person's right to recovery in tort depends upon § 5103, which provides for a person's right to recover first party benefits. By examining these sections together, it is evident that the definition of covered person in § 5102(j) is derived from each category of person to whom an owner of a motor vehicle is liable for the payment of first party benefits under § 5103. Indeed, the definition of covered person includes a catch-all provision to ensure that all persons entitled to first party benefits are within its scope. The converse implication of this definition is also apparent; that is, an injured person who is not entitled to first party payments cannot be a covered person under § 5102(j).[2] *See Goodkin v. United States,* 773 F.2d 19, 22 ("Everyone not entitled to first party benefits is a noncovered person.").

■ As discussed above, the imposition of liability against the United States for payment of no-fault benefits under § 5103 is rendered a nullity by the doctrine of sovereign immunity. Since the provisions of the no-fault law which would entitle Cooper to first party benefits are inoperative, so too would it be improper to include Cooper within the definition of a covered person. By implication that definition applies to injured persons only if entitled to the benefits conferred by the no-fault law. Therefore, Cooper's common law tort action is not barred by the restrictions applicable to covered persons set forth in § 5104.

■ This conclusion is in keeping with the principle that a statute such as the no-fault law which abrogates a common law right is to be construed strictly so as not to apply beyond the clear intent of the legislature. *See Goodkin v. United States, supra,* 773 F.2d at 23; *Morgan v. Bisorni,* 100 A.D.2d 956, 475 N.Y.S.2d 98, 100 (1984). Moreover, since the no-fault law was enacted both to provide an alternative remedy and to foreclose the traditional remedy simultaneously, this holding avoids an anomalous construction of the statute which would sever the conjunctive relationship of these two provisions. The no-fault law was not intended to provide a windfall to either the injured party or the tortfeasor. *Pascente v. Stoyle,* 116 Misc.2d 641, 456 N.Y.S.2d 633, 638 (N.Y.City Ct. 1982).

■ Having concluded that Cooper is not barred from bringing an action for basic economic loss based on negligence, she will be granted leave to amend the complaint to include these damages. *See* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Cooper has complied with the jurisdictional requirements of the FTCA by filing an administrative claim with the Postal Service on April 21, 1983 for $500,000 in personal injuries. *See Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.1983).

---

**2.** While a New York court in *Joyce v. Winkler,* 71 A.D.2d 28, 421 N.Y.S.2d 480, 482 (1979), has stated that a person injured by the use of a vehicle owned by the United States is a "covered person," that finding was based solely on a statutory analysis which did not consider the doctrine of sovereign immunity. Moreover, the court did not rest its decision on this finding since the plaintiff had been fully recompensed for economic injury through the Federal Employees' Compensation Act and his action was barred on this ground. *See also Liberty Mutual Insurance Co. v. United States,* 490 F.Supp. 328, 332 (E.D.N.Y.1980) (person injured by postal vehicle held to be a covered person both by virtue of being a pedestrian and alternatively as a member of an insured household).

The medical expenses for which she now seeks recovery are within the scope of that administrative claim since these damages were asserted in correspondence dated June 22, 1983 in response to the Postal Service's request for substantiation of the $500,000 claim. Of course, the plaintiff's recovery in this action under the FTCA is limited to the amount demanded in the administrative claim, 28 U.S.C. § 2675(b), in the absence of any newly discovered evidence or intervening facts.

**Conclusion**

Cooper's motion for partial summary judgment is denied and her second cause of action for no-fault benefits is dismissed. Leave is granted to amend the first cause of action to include damages arising from basic economic loss as a portion of the $500,000 total damages. Discovery on the first cause of action shall be completed by June 25 and the pretrial order is to be filed on July 2, 1986.

IT IS SO ORDERED.