[666 NYS2d 221]

In the Matter of the Claim of MARK McHENRY, Appellant, v
STATE INSURANCE FUND, Respondent. WORKERS' COMPENSA-
TION BOARD, Respondent.

Third Department, November 26, 1997

APPEARANCES OF COUNSEL

*James P. O'Conner,* Liverpool *(Jean S. Kneiss* of counsel), for State Insurance Fund, respondent.

*Earl D. Butler, P. C.,* Vestal, for appellant.

## OPINION OF THE COURT

YESAWICH JR., J.

During the course of his employment as a pool installer, claimant was injured in an automobile accident in Connecticut when the vehicle he was driving was struck by a vehicle owned and operated by two Connecticut residents. Claimant suffered serious injuries to his left eye as well as facial lacerations. After the accident, claimant filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) found that accident, notice and causal relationship had been established for injuries to claimant's face and left eye and awarded him lost wages.

Claimant then commenced a third-party action against the Connecticut residents in the United States District Court for the Northern District of New York. This case was settled for $225,000, with a net recovery to claimant of $149,720, against which the State Insurance Fund (hereinafter the carrier) asserted a lien in the amount of $32,154.28, representing the amount it had previously disbursed for lost wages and medical expenses. Claimant disputed the lien.

Upon finding claimant entitled to further benefits for loss of the use of his left eye and permanent facial disfigurement, the WCLJ—who, though not addressing the propriety of the lien directly, had previously found that claimant's third-party settlement did not constitute a recovery pursuant to Insurance Law § 5104 (a)—directed the carrier to apply its "Third Party Action credit" to these benefits, and also to "take credit for prior payments". Claimant appealed to the Workers' Compensation Board, which affirmed and ruled, *inter alia,* that the carrier was entitled to a lien against claimant's third-party recovery. Claimant appeals.

Claimant contends that the Board erred in concluding that, because the accident occurred outside of New York, his recovery in the third-party action was not "pursuant to Insurance Law § 5104 (a)", and thus that the carrier is entitled to assert a lien against the settlement proceeds. We disagree.

Absent an express statutory proscription, a workers' compensation carrier has the "inviolab[le]" right to a lien

against the proceeds of *"any recovery* [obtained] by a compensation claimant in a third-party action" (*Matter of Granger v Urda*, 44 NY2d 91, 96 [emphasis in original]; *see,* Workers' Compensation Law § 29 [1]) for benefits paid in connection with the same injuries, and may offset any later award against the remaining proceeds (Workers' Compensation Law § 29 [4]; *cf., Matter of Simmons v St. Lawrence County CDP*, 147 AD2d 323, 324). Workers' Compensation Law § 29 (1-a), upon which claimant relies, provides a narrow exception to this general recoupment power. Enacted to ameliorate the "harsh, unintended result" of the interplay between the lien provision and the No-Fault Automobile Insurance Law (Insurance Law § 5104 [a])—which, when it applies, prevents an injured party from recovering from the tortfeasor for basic economic loss (*Matter of Granger v Urda, supra,* at 99)—Workers' Compensation Law § 29 (1-a) disallows recoupment or offset of benefits intended to compensate for such loss, from the proceeds of a "recovery received pursuant to [Insurance Law § 5104 (a)]" (Workers' Compensation Law § 29 [1-a]; *see, Matter of Fellner v Country Wide Ins.*, 95 AD2d 106, 109). Although the Legislature could have drafted this exception more broadly, so as to apply, as claimant contends it should, whenever basic economic loss has not been or cannot be recovered, it did not do so. Hence, if claimant's tort action was not governed by Insurance Law § 5104 (a), the carrier's rights are not affected by the limitation (*cf., Stedman v City of New York*, 107 AD2d 600, 602).

Insurance Law § 5104 (a), by its express terms, applies only to "injuries arising out of negligence in the use or operation of a motor vehicle in this state", and has not been given extraterritorial effect even in cases where all of the parties were New York residents and the accident happened in another State (*see, Morgan v Bisorni*, 100 AD2d 956 [involving Insurance Law § 673 (1), the predecessor to Insurance Law § 5104 (a)]). Thus, inasmuch as section 5104 (a) is inapplicable to claimant's third-party action, there is no statutory basis for denying the carrier its right to a lien for amounts already paid, and to an offset against its postsettlement liability.

MIKOLL, J. P., WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the decision is affirmed, without costs.