■ FEDERAL INSURANCE COMPANY, Respondent, et al., Plaintiffs, v HELEN W. BARSKY et al., Appellants. [700 NYS2d 57] —In an action by an insurer to recover payments made to its insured under a theory of subrogation, the defendants Helen Walker Barsky, as executor of the estate of David Barsky, and National Car Rental System, Inc., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Huttner, J.), entered October 2, 1998, which, *inter alia,* granted that branch of the motion of the plaintiff Federal Insurance Company which was to strike the second affirmative defense of the defendant National Car Rental System, Inc., alleging that the complaint failed to state a cause of action.

Ordered that the appeal by the defendant Helen Walker Barsky from so much of the order as granted that branch of the motion of the plaintiff Federal Insurance Company which was

to strike the second affirmative defense of the defendant National Car Rental Systems, Inc., is dismissed, as the defendant Helen Walker Barsky is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Michael Orio, a New York resident, was a passenger in a car driven by the decedent, David Barsky, also a New York resident, and was injured in an automobile accident while traveling through Pennsylvania. The car driven by Barsky had been rented in New York City from the defendant National Car Rental System, Inc. (hereinafter National). The plaintiff Federal Insurance Company (hereinafter Federal), as the subrogee of Orio, commenced this action against the defendant Helen Walker Barsky, as executor of the estate of David Barsky, and National, to recover the money it paid to Orio under its policy. The only losses for which recovery is sought herein are for basic economic loss and optional basic economic loss.

National contends that Federal is not entitled to recover for basic economic loss and optional basic economic loss because Orio and Barsky were New York residents, the car was rented in New York, and the car and its occupants were returning to New York. That contention is without merit. Insurance Law § 5104 (a) precludes recovery for, *inter alia,* basic economic loss when, in an action between "covered persons", the "personal injuries aris[e] out of negligence in the use or operation of a motor vehicle *in this state*" (emphasis added). The statute, on its face, applies only to actions to recover damages for personal injuries " 'arising out of negligence in the use or operation of a motor vehicle *in this state*' " (*Morgan v Bisorni,* 100 AD2d 956 [emphasis in original]). Since the statute abrogates a common-law right, it must be strictly construed, "and as so construed, the section does not purport to regulate actions for personal injury arising out of the negligent use or operation of a vehicle outside this State" (*Morgan v Bisorni, supra,* at 956; *see also, Matter of McHenry v State Ins. Fund,* 236 AD2d 89, 91; *Sheldon v PHH Corp.,* US Dist Ct, SD NY, 96 Civ 1666, Mar. 4, 1997, *affd* 135 F3d 848). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.