■ Thomas A. Ofori, Plaintiff, and Gerardo M. Velez, Respondent, v Creishea P. Green et al., Appellants. [901 NYS2d 835]—

Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered on or about December 22, 2008, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

This personal injury action arose out of a 2006 automobile accident in New Jersey. It is undisputed that the parties were residents of New York, where their vehicles were registered. The sole issue on appeal is whether the fortuitous circumstance that the accident happened in New Jersey should negate the requirement of plaintiff having to prove a "serious injury" under Insurance Law § 5102 (d). It does.

By its express terms, New York's no-fault law applies only to "injuries arising out of negligence in the use or operation of a motor vehicle *in this state*" (Insurance Law § 5104 [a] [emphasis added]). In this regard, it has consistently been held that the statute is not to be given extraterritorial effect (*see Matter of McHenry v State Ins. Fund*, 236 AD2d 89, 91 [1997], citing *Morgan v Bisorni*, 100 AD2d 956 [1984]). Since the statute abrogates a common-law right, it must be strictly construed, "and as so construed, the section does not purport to regulate actions for personal injury arising out of the negligent use or operation of a vehicle outside this State" (*id.* at 956).

We reject defendants' alternative argument that even if section 5102 (d) is inapplicable, the matter should be remanded to the motion court to determine whether the New Jersey no-fault law, which similarly limits noneconomic loss, applies, since that law applies only to a vehicle "registered or principally garaged" in New Jersey (NJ Stat Ann § 39:6A-3; *see Zabilowicz v Kelsey*, 200 NJ 507, 509, 984 A2d 872, 873 [2009]), which was not the case here. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.