■ ALEX PALUMBO, Appellant, v JOHN B. CAREY, JR., et al., Respondents. [933 NYS2d 904]—

The Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3211 (b) to dismiss the sixth affirmative defense alleging the lack of a serious injury within the meaning of Insurance Law § 5102 (d). The verified complaint, the police accident report, and the deposition testimony of the parties all indicated that the subject accident took place in New Jersey, and the defendants did not argue to the contrary in opposition to the plaintiff's motion, nor did they present any evidence suggesting that the accident may have occurred in New York. Since the serious injury threshold requirement set forth in Insurance Law § 5102 (d) is expressly limited to only those motor vehicle accidents which occur "in this state" (Insurance Law § 5104 [a]), that requirement is inapplicable to this matter (*see Hunter v OOIDA Risk Retention Group, Inc.*, 79 AD3d 1, 7 [2010]; *Ofori v Green*, 74 AD3d 474, 475 [2010]; *Federal Ins. Co. v Barsky*, 267 AD2d 275, 276 [1999]; *Matter of McHenry v State Ins. Fund*, 236 AD2d 89, 91 [1997]; *Morgan v Bisorni*, 100 AD2d 956, 956-957 [1984]). Accordingly, the plaintiff sustained his burden of demonstrating that the serious injury threshold defense is without merit as a matter of law (*see Butler v Catinella*, 58 AD3d 145, 147-148 [2008]), thereby warranting the dismissal of that affirmative defense pursuant to CPLR 3211 (b).

The defendants' remaining contentions are without merit. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.