■ In the Matter of LAWRENCE A. CIMATO, Appellant, v. JOHN W. McGRATH CORPORATION, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 24, 1973, which disallowed a claim for compensation under the Workmen's Compensation Law. Claimant, a longshoreman, worked the eight o'clock to noon morning shift for his employer at Pier 10 on West Street in Manhattan. He testified that he went to lunch at noon, crossed heavily traveled West Street, went to an old union hall at 148 Liberty Street, ate at Liberty and West Streets which is two doors from said union hall and then walked to 107 Washington Street to a new union hall. Thereafter, in returning to his place of employment to work the afternoon shift commencing at one and while crossing West Street at its intersection with Carlyle Street, he was struck by a vehicle at about 12:45 P.M. Claimant was the recording secretary of a union local and shop steward at another pier and he related that he went to the union halls to make sure that his records had been moved and his going there was not at the direction of anyone connected with his employer. He was not paid for the lunch hour period. On this record the board could find that claimant was on a personal mission when involved in the accident, that the injury did not arise out of and in the course of his employment as a longshoreman and that his undertaking of union business was a deviation from the course of employment, and, since these findings are supported by substantial evidence, they should not be disturbed (cf. *Matter of Patti* v. *Republic Aviator Corp.*, 20 A D 2d 939, mot. for lv. to app. den. 14 N Y 2d 488; *Matter of Solomon* v. *David Kay Corp.*, 7 A D 2d 811). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

■ GEORGE JEMZURA, Appellant, v. JOSEPH McCUE, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered August 31, 1973 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a declaration that he is authorized to appear as counsel without fee in courts not of record for defendants who may choose him to so act in their behalf. Petitioner has admittedly not been licensed to practice as an attorney and counselor at law either in New York or elsewhere, and this factor alone mandates an affirmance of Special Term's decision. Interpreting the predecessor of section 478 of the Judiciary Law, (former Penal Law, § 270), the Court of Appeals has held that the practice of law in this State, including the giving of legal advice and counsel as well as appearing in courts, is forbidden to all but duly *licensed* New York attorneys (*Spivak* v. *Sachs*, 16 N Y 2d 163). Applicable to both layman and to lawyers from other jurisdictions, this prohibition is intended to protect citizens " against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work" (*Spivak* v. *Sachs, supra,* p. 168) and, thus, clearly disqualifies petitioner from appearing as counsel for anyone other than himself in any court of this State, be it a court of record or not. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Kane, Main and Reynolds, JJ., concur. [74 Misc 2d 692.]