■ In the Matter of the Estate of DAVIS BALES, Deceased. PETER F. VALLONE, Respondent; CAROLE L. NASON, Also Known as CAROLE BALES, Appellant. — In a proceeding to judicially settle the account of Peter F. Vallone, as executor of the estate of Davis Bales, the appeal is from an order of the Surrogate's Court, Queens County (Laurino, S.), dated April 21, 1981, which denied an application to set aside the court's decree dated March 17, 1980, approving the judicial settlement of the account. Order affirmed, without costs or disbursements. It appears from the record that approximately one month after the testator's death on November 6, 1973, letters testamentary were issued to the petitioner. Over the course of the next several years, the objectant, one of two legatees under the will, appeared at various times both *pro se* and by a number of different attorneys. During that period, the objectant, *inter alia,* submitted an affidavit in support of the will in a proceeding commenced by the colegatee to declare the will invalid on the basis of forgery; attempted to probate a will dated subsequent to the one at bar after the executor named therein refused to do so; brought a proceeding to recover funeral expenses; commenced a proceeding to recover a retainer from one of the several attorneys who represented her; and instituted a malpractice action against the executor and his counsel. Throughout the course of these proceedings the objectant made numerous unsubstantiated charges of personal misconduct against the Surrogate, the executor and his counsel, two of her former counsel, the Bankruptcy Court before which matters involving the principal assets of the estate were heard, the Internal Revenue Service, and the New York State Tax Department, among others. In February, 1977, the objectant commenced the proceeding at bar in which she sought to compel the executor to render an accounting of the estate (SCPA 2205, 2206). Although the petition was granted in March, 1977, with a direction to submit an order on notice, no order was submitted until some nine months later. Thereafter, the petitioner rendered an accounting for the entire period of his service as executor. Objections were filed in May, 1978, but, other than an uncompleted examination before trial of the executor held during the following month, the record indicates no effort on the part of the objectant to press her objections until her appearance before the Surrogate — at his direction and in an apparent effort to clear the matter from his calendar — on December 3, 1979, more than one and one-half years after the filing of the objections. During the course of the proceedings on the compulsory accounting, objectant discharged counsel who had instituted the proceedings and retained new counsel to file the objections. This new counsel resigned following the executor's examination before trial, leading to the proceeding mentioned above in which objectant, appearing *pro se,* attempted to recover counsel's retainer. These, then, were the circumstances when the objectant appeared before the Surrogate on December 3, 1979 and was directed to be ready to litigate her objections two weeks hence. Given the passage of six years from the issuance of the letters, and the lack of progress in litigation, not to mention objectant's repeated claims that she was being denied her day in court, the position taken by the Surrogate was entirely understandable and represented, in our view, a proper exercise of his discretion. During the ensuing two weeks, objectant apparently ignored her responsibility as a *pro se* litigant to ready her case for trial. She was well aware that the Surrogate expected her to present her case on December 18, 1979, and was obliged to be prepared to proceed on that date. Her last-minute decision to once again seek the assistance of counsel, after having opted to proceed *pro se,* did not entitle her to further delays. Given the history of this matter, it is doubtful whether the circum-

stances would have been any different had she been granted a four-week, six-week or even an eight-week delay. The fact of the matter is that she had had more than one and one-half years within which to gather evidence to support her claim and obviously she failed to do so. Significantly, counsel who eventually attended with the objectant on the trial date had not been retained at that time to represent her and refused to formally appear on her behalf. While he thereafter entered into a contingent fee retainer arrangement with the objectant and filed a notice of appeal on her behalf from the decree, that appeal was dismissed on July 29, 1980 on this court's own motion, on the ground that the decree had been entered on a default from which no appeal lies. Thereafter, he, like the many other attorneys who had theretofore represented the objectant, disappeared from the scene. Finally, objectant obtained another attorney to represent her on the application to vacate the default and upon the instant appeal. It is upon this factual background that we conclude that objectant's refusal to present her case on December 18, 1979, was not, in any respect, justified. While the judiciary has traditionally been more tolerant of *pro se* litigants and generally will allow them greater leeway in the presentation of their cases, they, like the professionally represented litigant, must be prepared to comply with the calendar requirements and procedures of the court. The Surrogate here, in setting a trial date, had properly determined that the time had come for objectant to put her claim to the test of proof, without further delay. The granting or refusing of a continuance in a judicial proceeding is a matter within the sound discretion of the trial court and should not be interfered with absent a clear abuse thereof (see CPLR 4402; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). The Trial Judge, having the greatest familiarity with the case, is in the best position to evaluate whether the party requesting the continuance is merely seeking to delay resolution of the case or has a legitimate basis for seeking more time (see *Balogh v H.R.B. Caterers, supra*). In the case at bar, the objectant had been afforded more than ample time within which to prepare her case for trial and has offered no reasonable excuse for flouting the Surrogate's direction. She was afforded a full and fair opportunity to have her day in court, which she voluntarily surrendered by walking out. The Surrogate was, thus, in our view, justified in proceeding thereafter in her absence. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.