■ JOHN R. BLUNT et al., Appellants, v NORTHERN ONEIDA COUNTY LANDFILL (NOCO) et al, Respondents.—Judgment unanimously reversed on the law without costs and new trial granted, in accordance with the following memorandum: Plaintiffs, owners of a dairy farm, commenced this action seeking to recover for property damages and personal injuries allegedly caused by pollution from defendants' nearby landfill. Plaintiffs' attorney was permitted to withdraw prior to the trial and the trial court fixed his attorney's charging lien in the amount of $16,166.66 representing one third of a settlement offer rejected by plaintiffs, based upon a contingent fee agreement. By letter dated June 12, 1987, plaintiffs informed the trial court of their difficulty in obtaining new counsel and getting their files from their former attorney. Plaintiffs were informed by letter from the Supreme Court, Oneida County, that their case had been "Jury Ordered for September 10, 1987". On September 11, 1987, prior to jury selection, plaintiff John R. Blunt informed the court that he had obtained his file only three days earlier. Plaintiff told the court that he had, without success, "tried desperately for the past two weeks" to obtain an attorney. The court directed that the trial proceed. After the selection of the jury, but prior to hearing proof, the court asked John R. Blunt whether he was also acting on behalf of his wife, Margaret Blunt. John Blunt answered in the affirmative. Upon close of plaintiffs' proof, the court *sua sponte* granted a nonsuit "with prejudice".

In our view, the trial court erred in failing to grant plaintiffs a reasonable adjournment to obtain substitute counsel. While the conduct of a trial, including whether to grant an adjournment, is addressed to the discretion of the trial court and should not be interfered with absent a clear abuse thereof

(CPLR 4402; *Woertler v Woertler,* 110 AD2d 947; *Matter of Bales,* 93 AD2d 861, 862, *lv dismissed* 60 NY2d 701; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 143), here we conclude that plaintiffs demonstrated a genuine basis for seeking more time. The granting of an adjournment in these circumstances was essential to the interests of justice *(see, Matter of Bales, supra,* at 862; *see also, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 241; *Balogh v H.R.B. Caterers, supra,* at 143). Nothing in this record suggests an attempt by plaintiffs to delay a resolution of the case. In addition, we conclude that the trial court erred in dismissing plaintiffs' case when no dismissal motion had been made by any of the defendants. The involuntary dismissal of an action must await a motion for such relief *(Balogh v H.R.B. Caterers, supra,* at 141; *Fischer v Mead Johnson Labs.,* 41 AD2d 737).

Moreover, the trial court erred in permitting John Blunt to appear on his wife's behalf because he is not duly licensed to practice law in New York *(see,* Judiciary Law § 478; *Spivak v Sachs,* 16 NY2d 163, 166-167; *Jemzura v McCue,* 45 AD2d 797, *appeal dismissed* 37 NY2d 750).

Further, the trial court erred in summarily fixing the compensation of the outgoing attorney solely on the basis of a contingency fee agreement. Even where, as here, the withdrawing attorney and his client have a contingent contract, the amount of the compensation must be fixed on a quantum meruit basis and the canceled contract is but one element to be taken into consideration as a guide for establishing quantum meruit *(Paulsen v Halpin,* 74 AD2d 990, 991; *see, Matter of Tillman,* 259 NY 133, 135-136). Accordingly, there must be a hearing for the purpose of determining the reasonable value of the services performed. (Appeal from judgment of Supreme Court, Oneida County, Lynch, J.—negligence.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.