■ ANGELA STABLER, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent.—Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about April 5, 1989, which denied plaintiff's motion for a continuance and dismissed the action, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the matter restored to the Trial Calendar, without costs.

Clearly, the IAS court has the authority to direct a bifurcated trial "[i]n furtherance of convenience". (CPLR 603; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509.) An examination of the circumstances of this case, however, persuades us that the sanction of dismissal was so drastic as to constitute an abuse of discretion and, therefore, require reversal. *(See, Balogh v H.R.B. Caterers,* 88 AD2d 136, 141.)

We note, for example, that plaintiff was ready to proceed to trial on 13 prior court dates between 1983 and March 1989, and that defendant was granted adjournments on each of those occasions, even after "final" markings. The record also establishes that the court's direction to bifurcate accorded extremely short notice to the plaintiff, who had developed her trial strategy and picked a jury with the expectation of a single trial covering damages as well as liability. Finally, we

take into account the fact that plaintiff's need for a short continuance was occasioned by the unavailability of her medical witness, a circumstance over which plaintiff had no control, and that defendant neither objected to a continuance nor moved to dismiss when the problem arose. *(See, Balogh v H.R.B. Caterers, supra.)* Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.