■ GERARD PETTI et al., Respondents, v ROCCO R. POLLI-FRONE, Appellant. (Action No. 1.) LISA FAILLA, Respondent, v ROCCO R. POLLIFRONE, Appellant, et al., Defendant. (Action No. 2.)—In two jointly-tried actions to recover damages for personal injuries arising out of a motor vehicle accident, the defendant Rocco R. Pollifrone appeals from (1) a judgment of the Supreme Court, Kings County (Huttner, J.), entered May 17, 1989, which, upon a jury verdict, is in favor of the plaintiff Gerard Petti and against him in the principal sum of $309,550; and (2) a judgment of the same court, entered May 31, 1989, which is in favor of the plaintiff Lisa Failla and against him in the principal sum of $50,000.

Ordered that the judgments are reversed, as a matter of discretion in the interests of justice, without costs or disbursements, and a new trial is granted on the issue of damages only.

At the conclusion of the liability phase of this bifurcated trial, the appellant's counsel moved to discharge the jury and to set down a future date for the damages phase of the trial. The counsel explained to the court that no note of issue or certificate of readiness had been filed in the Failla matter and that the court (Krausman, J.), had been so informed, but, nevertheless, permitted the case to go ahead with the understanding that if, at the end of the liability phase, discovery had not been completed, the damages trial in the Failla matter would be held separately at a later date. Moreover, although the appellant's doctor had conducted a physical examination of the plaintiff Failla one business day earlier, counsel had not yet received a written report of the findings from that examination.

With respect to the Petti matter, the appellant's counsel

asserted that the plaintiff Gerard Petti, on the eve of trial, had served a supplemental bill of particulars alleging new injuries and that he was undergoing surgery on that very day on the knee that he claimed was injured. Counsel argued that he needed an opportunity to conduct a further physical examination of that plaintiff. The court denied the appellant's application.

Although a court, in its discretion, may properly decide to proceed with a trial in the absence of a note of issue and certificate of readiness (see, 22 NYCRR 202.1 [b]; 202.21 [a]), we find that in the Failla matter, the court improvidently exercised that discretion. It should have provided the appellant's counsel, at the least, an additional business day to obtain a report from his doctor so that he could be prepared for the damages phase. The court's failure to grant the appellant's counsel additional time effectively precluded him from defending his client. Similarly, the court should have granted the appellant's counsel an adjournment in the Petti matter in order to obtain a further physical examination of the plaintiff Gerard Petti. Accordingly, a new trial must be granted with respect to the issues of damages.

With respect to plaintiff Gerard Petti, he may recover his medical expenses and lost wages despite the fact that he was not an insured motorist (see, Scarpelli v Marshall, 92 Misc 2d 244). In light of the above determination, we need not reach the parties' remaining contentions. We note that no issue has been raised with respect to liability.

Although we are reversing, we would note that the appellant's brief showed the same lack of thought and effort as was evidenced at the trial level. Counsel is reminded that "[t]he function of an appellate brief is to assist, not mislead" (Matter of Cicio v City of New York, 98 AD2d 38, 40). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.