■ In the Matter of the Estate of ROBERT W. FERTIG, Deceased.—Decree unanimously reversed on the law with costs, objection reinstated, and matter remitted to Ontario County Surrogate's Court for further proceedings in accordance with the following Memorandum: In this probate proceeding, objectant appeals from a decree of Surrogate's Court summarily dismissing her objection on the court's own motion and ordering that the document in question be admitted to probate as decedent's last will and testament. Objectant contends that the court erred in denying her the opportunity to present evidence in support of her objection that the testator's signature is not authentic.

The court erred in dismissing the objection *sua sponte* and without notice to either party. The court's determination cannot be sustained as a valid grant of summary judgment because, absent notice, objectant was deprived of the opportunity to lay bare her proof in support of her allegation. Moreover, insofar as it can be viewed as a dismissal of the objection for facial insufficiency, the court's order is erroneous. The objection, which is merely a responsive pleading, sufficiently alleges that the document in question was not the last will of the decedent and that the signature appearing thereon was not the decedent's signature. That complies with the general statutory requirements governing the form of pleadings in Surrogate's Court (see, SCPA 302 [2]; *see generally,* 26 Carmody-Wait 2d, NY Prac § 152:95, at 321). The objection is personally verified (see, SCPA 303; CPLR 3020), and objectant, the testator's daughter, is competent to challenge the genuineness of the disputed signature (see, Richardson, Evidence § 375 [Prince 10th ed]).

Our reversal of the order appealed from is without prejudice to a future motion for summary judgment made on proper notice to objectant. (Appeal from Decree of Ontario County Surrogate's Court, Henry, Jr., S.—Probate Will.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.