■ MICHAEL SENA et al., Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [603 NYS2d 173] — In an action to recover moneys allegedly owed under a policy of homeowner's insurance, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 9, 1991, which *sua sponte* dismissed the complaint.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the complaint is reinstated.

Ordinarily, an order issued *sua sponte* which does not decide a motion on notice, is not appealable as of right and an appeal therefrom is subject to dismissal *(see,* CPLR 5701 [a] [2]; [c]; *Matter of Baby Girl,* 189 AD2d 763; *Sheik v Sheik,* 187 AD2d 572). However, a notice of appeal may be treated as an application for

leave to appeal which may be granted in the interest of justice *(see, Modica v Zergebel,* 160 AD2d 689).

In the instant case, the interest of justice clearly warrants appellate review since the court improperly dismissed the plaintiffs' complaint without the defendants having requested this relief *(see, Soggs v Crocco,* 184 AD2d 1021; *Stabler v Manhattan & Bronx Surface Tr. Operating Auth.,* 155 AD2d 390; *Blunt v Northern Oneida County Landfill,* 145 AD2d 913; *Gibbs v Kinsey,* 120 AD2d 701; *Balogh v H.R.B. Caterers,* 88 AD2d 136). In so doing, the court deprived the plaintiffs of notice of what was effectively the court's own motion for summary judgment *(see, Matter of Fertig,* 184 AD2d 1015; *First Natl. Bank v J. & J. Milano,* 160 AD2d 670), thereby depriving them of their opportunity to lay bare their proof *(see, First Natl. Bank v J. & J. Milano, supra; Matter of Dental Socy. v Carey,* 92 AD2d 263, *affd* 61 NY2d 330; *Maidenbaum v Ellis Hosp.,* 47 AD2d 683) and rendering meaningful appellate review of the propriety of the court's determination on the merits impossible. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.