■ Louis Ruggiero, Jr., et al., Appellants, v R.W. Gross Plumbing and Heating, Inc., et al., Defendants. Englert, Stillman, Coffey & McHugh, P. C., Appellant; Ianniello, Anderson, Reilly, Luhn & Leece, P. C., Respondent. [641 NYS2d 189] —Cardona, P. J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 21, 1994 in Albany County, which, *inter alia*, granted a cross motion by plaintiffs' former attorneys for a lien against the proceeds of this action.

In March 1990, plaintiffs, husband and wife, entered into a retainer agreement with the law firm of Ianniello, Anderson, Reilly, Luhn & Leece, P. C. (hereinafter the Ianniello firm) to

represent them in connection with the prosecution of a personal injury claim stemming from an automobile accident in which plaintiff Louis Ruggiero, Jr. sustained personal injuries. Plaintiffs agreed to pay the Ianniello firm one third of any sum recovered, plus costs and disbursements. An action was commenced in August 1990. Over the next few years, the Ianniello firm performed various services prosecuting the action, including participating in discovery and hiring expert witnesses. In the course of these proceedings, defendants' insurance carrier offered to settle the matter for $150,000. Prior to this offer, however, plaintiffs separated and each retained separate matrimonial counsel. Louis Ruggiero retained the firm of Englert, Stillman, Coffey & McHugh, P. C. (hereinafter the Englert firm). Although it appears that both plaintiffs at one point signed releases, no settlement was ever consummated. Ultimately, the Englert firm moved to substitute attorneys and to request a determination of the Ianniello firm's fees to be paid subsequent to the resolution of the underlying action.* The Ianniello firm cross-moved for a lien and an order awarding it $50,000, plus costs and disbursements. Supreme Court granted the Ianniello firm's fee request and, *inter alia*, directed that the compensation be paid upon the conclusion of the action. Plaintiffs and the Englert firm appeal.

In a fee dispute between attorneys, such as we have here, the law is well settled that "[t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (*Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658; *see, Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458). In its submission to Supreme Court, the Ianniello firm noted that it had achieved a "final" settlement offer which was "still on the table" at the time of its discharge and asserted the right to be paid in full under the contingency agreement. However, the Ianniello firm also argued that it had *earned* a fee in the amount of $50,000 and requested the court to immediately fix its fee in that amount. Because a fixed dollar amount was sought, Supreme Court properly employed quantum meruit for determining the reasonable value of the legal services rendered and did not, contrary to the Englert firm's claim, make an award solely on the basis of the contingent fee agreement (*see, Blunt v Northern Oneida County Landfill*, 145 AD2d 913).

---

* The record indicates that the attorney representing plaintiff Sandra Ruggiero in the matrimonial action also agreed to represent her interest in the personal injury action.

In making the award, Supreme Court correctly considered the contingency agreement as one factor in determining the value of services rendered (*see, Smith v Boscov's Dept. Store,* 192 AD2d 949, 950-951; *Blunt v Northern Oneida County Landfill, supra*). The court properly recognized the need to consider additional factors to support recovery under quantum meruit (*see, Smith v Boscov's Dept. Store, supra*). It did, for instance, consider the professional services rendered by the Ianniello firm. However, the affidavit submitted by the Ianniello firm in support of its fee request lacked evidence of other significant factors generally considered when determining fee requests under quantum meruit, namely, the total time spent, the hourly rate charged, the amounts customarily charged for similar services in the same locality and the difficulty of the case (*see, supra,* at 951). For this reason, under the circumstances of this case, we find that Supreme Court improvidently exercised its discretion to grant the fee request on this basis without a hearing. Accordingly, a remittal to Supreme Court is required.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees in the sum of $50,000; cross motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.