■ CAMERON K. WEHRINGER, Appellant, v JOHN D. BRANNIGAN, Respondent. [647 NYS2d 770] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 6, 1994, which granted defendant's motion to vacate the default judgment against him and directed service of an answer within 30 days, unanimously modified, on the law, to dismiss the complaint and otherwise affirmed, without costs. Appeal from order of the same court and Justice, entered on February 28, 1995, which denied plaintiff's motion for reargument, unanimously dismissed as taken from a nonappealable paper. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The IAS Court properly granted defendant's motion to vacate the default judgment (CPLR 5015 [a] [1]) where defendant demonstrated the existence of a meritorious defense as well as a reasonable excuse for his default. However, on our own motion, we dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). In our view this action, seeking recovery of attorney's fees for services rendered which resulted in disbarment, is precluded for the reasons stated in *A to Z Assocs. v Cooper* (161 Misc 2d 283, 292) and the pleadings before us gave plaintiff adequate notice of the illegality defense which we hold must now prevail.

In addition to the rationale of *A to Z Assocs. v Cooper (supra)*, dismissal of this complaint is warranted on another basis. Entertaining this action, which boldly and directly derives from the misconduct for which this Court disbarred plaintiff, would not only undermine the integrity of that order, but would also violate our duty to conserve scarce judicial resources. It is a measure of plaintiff's disdain for the legal system, consistent with the nature of the misconduct for which he was disbarred,* that he would bring this claim before this Court.

---

* *See, Matter of Wehringer*, 135 AD2d 279.

Moreover, under the "inherent powers doctrine", this Court is vested with all powers reasonably required to enable it to: " 'perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective. * * * Inherent judicial powers derive not from legislative grant or specific constitutional provision, but from the fact it is a court * * * and to be a court requires certain incidental powers * * * (Carrigan, Inherent Powers of the Courts, National College of the State Judiciary, Reno, Nevada [1973].)' " (*Gabrelian v Gabrelian*, 108 AD2d 445, 448-449, *appeal dismissed* 66 NY2d 741.) *Sua sponte* dismissal of this claim, which flouts the integrity of an order of this Court, is well within our prerogative and, in the absence of substantial prejudice to plaintiff's due process rights, is consistent with the principles of justice and public policy which we are sworn to uphold. Concur—Wallach, J. P., Ross and Williams, JJ.

Tom, J., dissents in part in a memorandum as follows: I respectfully dissent to the extent that, while I believe the majority's conclusion to vacate the default entered against defendant to be proper, I find the majority's decision to *sua sponte* dismiss the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action, to be incorrect.

Plaintiff commenced the underlying action against defendant to recover fees for legal services rendered. After issue was joined, defendant's answer was stricken, on default, for failure to appear and submit to a court ordered examination before trial, and a default judgment was thereafter entered against defendant after inquest. Defendant subsequently moved to vacate the default judgment which was granted by Justice Lippmann, whose vacatur order is the subject of this appeal.

It has been held that the involuntary dismissal of an action must await a motion for such relief (*Fischer v Mead Johnson Labs.*, 41 AD2d 737; *see also, Blunt v Northern Oneida County Landfill*, 145 AD2d 913; *Balogh v H.R.B. Caterers*, 88 AD2d 136). In the matter at bar, no motion was made before the court to dismiss the complaint or a defense, and the only issue raised by plaintiff on appeal is the IAS Court's order vacating defendant's default. There is no cross appeal. The majority's *sua sponte* dismissal of the complaint, without notice to plaintiff, deprives plaintiff of the opportunity to address the issue of the sufficiency of his causes of action (*Matter of Dental Socy. v Carey*, 92 AD2d 263, 264, *affd* 61 NY2d 330; *Greene v Davidson*, 210 AD2d 108, 109, *lv denied* 85 NY2d 806). Since the dismissal is predicated upon CPLR 3211 (a) (7), plaintiff is also deprived of the right to seek an opportunity for leave to replead (CPLR 3211 [e]; *McLearn v Cowen & Co.*, 60 NY2d 686).

There is authority, when a motion for summary judgment is made, for the court to search the record and, if appropriate, grant judgment in favor of non-moving parties (*see*, CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106; *Grimaldi v Pagan*, 135 AD2d 496). However, a motion is necessary so that all parties be given an opportunity to fully address the issue and to lay bare their proof (*Gibbs v Kinsey*, 120 AD2d 701; *Ressis v Mactye*, 98 AD2d 836).

I am also aware that on a motion to dismiss a defense, the court may search the record and the IAS Court, or an appellate court, may dismiss the complaint if it is inadequate (*see*, Siegel, NY Prac § 282, at 412 [2d ed 1991]). In the matter before us, however, the majority searches the record in the absence of a motion which brings the complaint into issue (*see*, *Ressis v Mactye*, *supra*).

Further, the majority's dismissal, predicated on CPLR 3211 (a) (7), appears to be on the merits and would have res judicata effect. With such drastic impact, the Court of Appeals has held that the motion court's failure to apprise the parties of its intention to treat a CPLR 3211 motion as one for summary judgment deprived the plaintiff of an " 'opportunity to make an adequate record' " and that this "thwarted the very purpose of CPLR 3211 (c)" (*Mihlovan v Grozavu*, 72 NY2d 506, 508).

I also find that the manner in which the majority reaches its conclusion to be procedurally incorrect. CPLR 3211 (a) provides that "[a] party" may move for judgment dismissing one or more causes of action based on the enumerated grounds set forth therein. It is highly questionable whether the court can invoke the remedy of CPLR 3211 (a) when none of the parties moved for relief under this provision. Further, CPLR 3211 (e) provides that a motion made pursuant to CPLR 3211 (a) shall be made before service of the responsive pleading. Here, issue was already joined when the default was entered against defendant.

Accordingly, I find that, since the complaint was not brought up for review and plaintiff was deprived of the opportunity to address the issue of the sufficiency of his causes of action, the majority's decision to dismiss the complaint is premature.