■ In the Matter of the Estate of CHARLES SPIELBERGER, Also Known as CHARLES SPEAR, Deceased. CAROLINE BARRETT,

Respondent; CATHERINE S. SPEILBERGER, Appellant. [673 NYS2d 6] —Decree, Surrogate's Court, New York County (Renee Roth, S.), entered on or about May 29, 1997, which, upon a directed verdict, admitted to probate the propounded will dated May 24, 1990 as the last will and testament of Charles Spielberger, also known as Charles Spear, deceased, unanimously affirmed, with costs payable by objectant to petitioner.

The decedent expressly made no provision for objectant, his daughter, in the May 24, 1990 will offered for probate in the within proceeding. Although objectant maintained that the May 24, 1990 will was for various reasons invalid, she did not, in response to the prima facie case made out by petitioner, offer evidence raising a triable issue as to the testator's capacity, the manner of the will's execution, or as to whether the will had been vitiated by fraud or undue influence. Given the entirely one-sided nature of the proof at trial, no reasonable person could have resolved the litigation in favor of objectant and the Surrogate's direction of a verdict was accordingly appropriate (*Matter of Greenberg*, 209 AD2d 218).

Nor do we find merit to objectant's argument that, subsequent to jury selection, the Surrogate abused her discretion in allowing the guardian ad litem to withdraw from acting as objectant's trial counsel and in refusing to grant objectant an adjournment to retain new counsel or obtain witnesses. By the time of trial, this matter had already been pending for six years. During that time seven attorneys appeared for objectant, all of whom were fired or withdrew. Although the February 24, 1997 trial date had, after numerous delays and postponements for objectant's benefit, been marked final, the record clearly demonstrates that objectant, despite ample opportunity to ready her case, was not prepared to go forward. In particular, although objectant complains that after the guardian ad litem's withdrawal from acting as her trial counsel she was not granted yet another adjournment to obtain new counsel, objectant had been advised well before trial that her guardian, who did not think that a trial would be in her ward's best interests, would not represent her at trial, and objectant had indicated that she would obtain private counsel, which she did not do. Under these circumstances, the Surrogate's decision to proceed with the long-delayed trial was a proper exercise of discretion and will not be disturbed (*see, Matter of Bales*, 93 AD2d 861, *lv dismissed* 60 NY2d 554, 701; *see also, Stoves & Stones v Rubens*, 237 AD2d 280).

We have considered objectant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.