■ ROSIER ASTREL, Appellant, v SARAY YARBOROUGH, Respondent. [817 NYS2d 642]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered April 11, 2005, which, upon the granting of the defendant's motions in limine to preclude his medical expert from testifying at trial and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's counsel acknowledged during the oral argument of the defendant's motion, inter alia, to preclude the plaintiff's medical expert from testifying at trial that the opinion of the plaintiff's medical expert was based, at least in part, on medical records which were inadmissible at trial. Given the absence of evidence as to the reliability of those out-of-court medical records, the Supreme Court providently exercised its discretion in granting the defendant's motion (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]; *Scanga v Family Practice Assoc. of Rockland, P.C.*, 27 AD3d 547 [2006]; *DeLuca v Ding Ju Liu*, 297 AD2d 307 [2002]; *Wagman v Bradshaw*, 292 AD2d 84, 86-87 [2002]).

Moreover, since the plaintiff could not submit medical proof in admissible form that was contemporaneous with the accident showing any initial range of motion restrictions in her spine, the Supreme Court providently exercised its discretion in entering judgment as a matter of law in the defendant's favor as the plaintiff failed to demonstrate a prima facie case (*see Li v Woo Sung Yun*, 27 AD3d 624 [2006]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.