■ CYNTHIA B. HURD, Appellant, v MICHAEL O. HURD, Respondent. [885 NYS2d 655]—

Appeal from an order of the Supreme Court, Steuben County (Alex R. Renzi, A.J.), entered May 9, 2008. The order dismissed the complaint for failure to state a cause of action.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs and the complaint is reinstated.

Memorandum: Plaintiff appeals from an order in which Supreme Court sua sponte dismissed her complaint for failure to state a cause of action. We note at the outset that, because the order did not determine a motion made on notice, it is not appealable as of right (*see Sholes v Meagher*, 100 NY2d 333, 335 [2003]; *Matter of Mary L.R. v Vernon B.*, 48 AD3d 1088 [2008], *lv denied* 10 NY3d 710 [2008]), and plaintiff did not seek leave to appeal (*see Mary L.R.*, 48 AD3d 1088 [2008]). Nevertheless, under the circumstances of this case, we treat the notice of appeal as an application for leave to appeal, and we grant the application in the interest of justice (*see Spada v Sepulveda*, 306 AD2d 270, 270 [2003]; *Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 345-346 [1993]; *see generally* CPLR 5701 [c]).

With respect to the merits of the appeal, we agree with plaintiff that the court erred in dismissing the complaint for failure to state a cause of action in the absence of a request by defendant for such relief (*see Abinanti v Pascale*, 41 AD3d 395, 396 [2007]; *Grimes v Kaplin*, 305 AD2d 1024 [2003]; *Sena*, 198 AD2d at 346; *see generally McLearn v Cowen & Co.*, 60 NY2d 686, 689 [1983]). Indeed, in doing so, the court "thereby depriv[ed plaintiff] of [her] opportunity to lay bare [her] proof . . . and render[ed] meaningful appellate review of the propriety of the court's determination on the merits impossible" (*Sena*, 198 AD2d at 346). "[U]se of the [sua sponte] power of dismissal must be restricted to the most extraordinary circumstances," and no such extraordinary circumstances are present in this case (*Myung Chun v North Am. Mtge. Co.*, 285 AD2d 42, 46 [2001]; *see Rienzi v Rienzi*, 23 AD3d 450 [2005]; *cf. Wehringer v Brannigan*, 232 AD2d 206 [1996], *lv dismissed* 89 NY2d 980 [1997], *reconsideration denied* 89 NY2d 1087 [1997]). We therefore reverse the order and reinstate the complaint. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.