█ EDUCATION RESOURCES INSTITUTE, INC., Appellant, v KAREN B. SOREN, Respondent. [925 NYS2d 611]—

In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 11, 2010, which denied its motion for summary judgment on the complaint and, in effect,

granted that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the order is affirmed, with costs.

The defendant obtained a loan from Key Bank USA, National Association (hereinafter Key Bank), to pay her law school expenses. The loan was guaranteed by the plaintiff. In exchange for the loan, the defendant executed a promissory note in favor of Key Bank.

The plaintiff commenced this action, inter alia, to recover on the promissory note, alleging that the defendant defaulted in making payment. In its complaint, the plaintiff alleged that all rights, title, and interest in the promissory note were assigned to it for valuable consideration, and that the plaintiff remained the owner and holder of the promissory note.

The plaintiff moved for summary judgment on the complaint. The defendant cross-moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (3). The Supreme Court denied the plaintiff's motion and, in effect, granted that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3). We affirm.

Pursuant to the terms of the promissory note, the provisions of the promissory note are to be governed by federal law and the law of the State of Ohio. "Under Ohio law, the right to enforce a note cannot be assigned but instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code. An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note" (*Bank of N.Y. v Dobbs*, 2009 WL 2894601, \*5, 2009 Ohio App LEXIS 4019, \*13, 2009 Ohio 4742, ¶ 38 [2009] [citations omitted]). Pursuant to Ohio's version of the Uniform Commercial Code (hereinafter Ohio's UCC), "negotiation requires transfer of possession of the instrument and its indorsement by the holder" (Ohio Rev Code Ann § 1303.21 [B]).

Here, in opposition to the defendant's cross motion, the plaintiff failed to assert that the promissory note was negotiated in accordance with Ohio's UCC (*see Bank of N.Y. v Dobbs*, 2009 WL 2894601, \*5, 2009 Ohio App LEXIS 4019, \*13, 2009 Ohio 4742, ¶ 38 [2009]). Therefore, the plaintiff failed to establish that it was the holder of the promissory note in accordance with Ohio's UCC and, consequently, failed to establish that it had standing to bring this action to recover on the promissory note (*id.*) Accordingly, the Supreme Court properly denied the plaintiff's motion and, in effect, properly granted that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

The plaintiff's remaining contention is not properly before this Court since it was raised for the first time in its reply brief (*see Friedman v Miale*, 69 AD3d 789, 792 [2010]). Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.