■ Louis J. Gruber, Jr., et al., Respondents, v Ayreen Anastas et al., Appellants, et al., Defendant. [954 NYS2d 568]—

In an action, inter alia, to recover possession of a rent-stabilized apartment, the defendants Ayreen Anastas and Rene Gabri appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), entered January 14, 2011, as, after a nonjury trial, is in favor of the plaintiffs and against them on so much of the first cause of action as sought to recover possession of the rent-stabilized apartment and issued a warrant of eviction.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"[A] court, in its discretion, may properly decide to proceed with a trial in the absence of a note of issue and certificate of readiness" (*Petti v Pollifrone*, 170 AD2d 494, 495 [1991]). Here, the Supreme Court did not improvidently exercise its discretion in proceeding with a trial since the defendant tenants, Ayreen Anastas and Rene Gabri (hereinafter the appellants), were not deprived of the opportunity to conduct or complete discovery and failed to demonstrate that they were prejudiced by the court's decision to proceed.

We also reject the appellants' contention that the Supreme Court erred by awarding the plaintiff landlords judgment on so much of their first cause of action as sought to recover possession of the subject rent-stabilized apartment on the ground that the appellants overcharged subtenants for the use of the premises in violation of Rent Stabilization Code (9 NYCRR) § 2525.6 (b). Although, under Rent Stabilization Code (9 NYCRR) § 2504.1 (d) (1), a landlord normally must give the tenant notice of the violation and a specified amount of time to cure the illegal sublet (*see also* Rent Stabilization Code [9 NYCRR] § 2524.3 [a]), under the circumstances of this case, including the fact that the appellants imposed a substantial surcharge, the appellants should not be permitted to cure the lease violation (*see Matter of 151-155 Atl. Ave. v Pendry*, 308 AD2d 543, 543-544 [2003]; *see also BLF Realty Holding Corp. v Kasher*, 299 AD2d 87, 91 [2002]).

The appellants' remaining contentions are either without merit or improperly raised for the first time in their reply brief (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 747 [2011]; *Education Resources Inst., Inc. v Soren*, 85 AD3d 848, 850 [2011]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.