# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1195**
**CA 15-01942**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF LAUREN L. SHEIVE,
PETITIONER-PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

HOLLEY VOLUNTEER FIRE COMPANY,
RESPONDENT-DEFENDANT-RESPONDENT.

---

WINSTON & STRAWN LLP, NEW YORK CITY (ANUP K. MISRA OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered February 19, 2015 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment denied and dismissed the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition-complaint is reinstated.

Memorandum: In this hybrid CPLR article 78 and declaratory judgment action, petitioner-plaintiff (petitioner) appeals from a judgment denying and dismissing the petition-complaint (petition). We agree with petitioner that Supreme Court improvidently exercised its discretion in sua sponte dismissing the petition. " '[U]se of the [sua sponte] power of dismissal must be restricted to the most extraordinary circumstances,' " and no such extraordinary circumstances are present in this case (*CitiMortgage, Inc. v Carter*, 140 AD3d 1663, 1663; *see Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698, 699; *Hurd v Hurd*, 66 AD3d 1492, 1493; *cf. Wehringer v Brannigan*, 232 AD2d 206, 207, *appeal dismissed* 89 NY2d 980, *reconsideration denied* 89 NY2d 1087). In sua sponte dismissing the petition, "the court deprived [petitioner] of notice of what was effectively the court's own motion for summary judgment . . . , thereby depriving [her] of [her] opportunity to lay bare [her] proof . . . and rendering meaningful appellate review of the propriety of the court's determination on the merits impossible" (*Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 346; *see Hurd*, 66 AD3d at 1493; *Abinanti v Pascale*, 41 AD3d 395, 396; *Jacobs v Mostow*, 23 AD3d 623, 623-624). We therefore reverse the judgment and reinstate the petition.

In light of our determination, we do not address petitioner's

remaining contention.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court