Wallace v Kinney (2025 NY Slip Op 03879)

Wallace v Kinney

2025 NY Slip Op 03879

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

249 CA 24-00322

[*1]RICKY WALLACE, PLAINTIFF-APPELLANT,
v
WILLIAM R.W. KINNEY AND ROCHESTER GAS & ELECTRIC, DEFENDANTS-RESPONDENTS. 

HENRY S. STEWART, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
GALLO & IACOVANGELO, LLP, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Monroe County (Sam L. Valleriani, J.), entered July 24, 2023. The order, insofar as appealed from, dismissed the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the complaint is reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when, while standing next to his parked car, he was struck by a van owned by defendant Rochester Gas & Electric and operated by defendant William R.W. Kinney. According to plaintiff, as a result of the accident, he sustained serious injuries within the meaning of Insurance Law § 5102 (d). Just before the trial was to begin, and after the jury was selected, plaintiff stated that he planned to introduce in evidence certified medical records as the sole evidence with respect to the elements of causation and serious injury. Plaintiff further stated that he had not retained any expert witness to testify about those elements or to provide any foundation for the admission of the medical records. Defendants objected to the admission of the certified medical records without any expert testimony to provide a proper foundation. Defendants asserted, among other things, that the medical records could not, standing alone, establish plaintiff's burden of proof on the elements of causation and serious injury. Supreme Court thereafter sua sponte dismissed the complaint, in the interest of judicial economy, on the basis that there was an "anticipated lack of proof on both causation and serious injury" as a result of purported admissions made by plaintiff's counsel with respect to plaintiff's evidence. As limited by his brief, plaintiff appeals from the ensuing order to the extent that it dismissed the complaint. We reverse the order insofar as appealed from.
Initially, plaintiff contends that the court violated 22 NYCRR 202.21 by proceeding to trial before a note of issue had been filed. We reject that contention. As relevant here, 22 NYCRR 202.21 (a) provides that "[n]o action . . . shall be deemed ready for trial . . . unless there is first filed a note of issue accompanied by a certificate of readiness." Nonetheless, "a court, in its discretion, may properly decide to proceed with a trial in the absence of a note of issue and certificate of readiness" (Petti v Pollifrone, 170 AD2d 494, 495 [2d Dept 1991]; see 22 NYCRR 202.1 [b]; Gruber v Anastas, 100 AD3d 829, 829 [2d Dept 2012]). Here, we conclude that the court did not abuse its discretion in proceeding to trial before the filing of the note of issue. Indeed, the parties were not deprived of the opportunity to conduct or complete discovery, and plaintiff agreed to, and did, proceed to trial. Even assuming, arguendo, that the court erred in proceeding to trial here, we nevertheless also conclude that reversal would not be warranted based on that error inasmuch as there is no showing of prejudice to either party by the court's action (see CPLR 2002).
We agree with plaintiff, however, that the court erred in sua sponte dismissing the [*2]complaint in the interest of judicial economy based on the anticipated lack of evidence (see generally Hurd v Hurd, 66 AD3d 1492, 1493 [4th Dept 2009]). To the extent defendants assert that the court properly dismissed the complaint based on admissions made by plaintiff's counsel, we reject that contention. CPLR 4401 provides, in relevant part, that "any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, or at any time on the basis of admissions. Grounds for the motion shall be specified" (emphasis added). Here, it is undisputed that there was no motion by defendants requesting dismissal of the complaint. Rather, defendants opposed the request by plaintiff that he be permitted to admit in evidence at trial certain medical records. Inasmuch as there was no motion for dismissal pending before the court—either on the basis that defendants were entitled to judgment as a matter of law or based on plaintiff's admissions—the court lacked authority to dismiss the complaint in the interest of judicial economy (cf. Hoffman House, N.Y. v Foote, 172 NY 348, 350 [1902]; Astrel v Yarborough, 31 AD3d 356, 356 [2d Dept 2006]; Komar v Showers, 227 AD2d 135, 136 [1st Dept 1996]). Indeed, by sua sponte dismissing the complaint before plaintiff presented any evidence, the court deprived plaintiff of an opportunity to oppose dismissal and deprived defendants of an opportunity to state the grounds that supported dismissal (see generally CPLR 4401). Additionally, we can find no legal authority (nor do the parties identify any), that permits a court to, on its own volition, dismiss a complaint on the eve of trial without any request for such relief—absent extraordinary circumstances not present here (see CitiMortgage, Inc. v Carter, 140 AD3d 1663, 1663 [4th Dept 2016]; Hurd, 66 AD3d at 1493). Although the court determined that plaintiff cannot substantiate his claims, the court nevertheless erred in dismissing the complaint on that basis moments before trial was to commence without any request for such relief from defendants. Consequently, we reverse the order insofar as appealed from, reinstate the complaint, and remit the matter to Supreme Court for trial, during the course of which the court is free to entertain any proper motions made by the parties—including any motion by defendants seeking judgment as a matter of law dismissing the complaint (see generally CPLR 4401).
Plaintiff also contends that the court should have recused itself because it was biased against him. Plaintiff did not preserve that contention for our review, however, because "he failed to make a motion asking the court to recuse itself" (Matter of Chromczak v Salek, 173 AD3d 1750, 1750 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Melish v Rinne, 221 AD3d 1560, 1561 [4th Dept 2023]; Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1756 [4th Dept 2020]). In any event, we conclude that plaintiff's contention lacks merit inasmuch as "[t]he record does not establish that the court was biased or prejudiced against [him]" (Matter of Mattice v Palmisano, 159 AD3d 1407, 1409 [4th Dept 2018], lv denied 31 NY3d 909 [2018] [internal quotation marks omitted]).
In light of our determination, plaintiff's remaining contention is academic.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court